**Hubert Richard SPRADLING, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 09 81 051 CR.**

Court of Appeals of Texas, Beaumont.

Dec. 30, 1981.

Rehearing Denied Jan. 25, 1982.

Discretionary Review Refused April 21, 1982.

Louis Dugas, Jr., Orange, for appellant.

William C. Wright, County Atty., Orange, for appellee.

## OPINION

KEITH, Justice.

After finding appellant guilty of the offense of failure to stop and render aid,[1] the

---

1. *Sec. 38, Art. 6701d, Tex.Rev.Civ.Stat.Ann. (1977)*, defines the offense in *subsection (a)*: "The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 40."

jury assessed his punishment at confinement for a period of five years and a fine of $5,000. The jury recommended probation of the imprisonment but not of the fine. There are but two grounds of error, neither of which requires an extensive review of the evidence.

The indictment charged, inter alia, that while driving a motor vehicle, appellant "did knowingly strike Bobby Folks Rash, with said vehicle . . . and thereby injure the person of the said Bobby Folks Rash . . . ." In his first ground of error, appellant asserts error in overruling his motion for a peremptory instruction because there was no evidence that appellant *knowingly* struck the person named in the indictment.

■ It is well established that the State must allege and prove a culpable mental state in prosecution for failure to stop and render aid by proving "that the accused had knowledge of the circumstances surrounding his conduct . . . i.e., had knowledge that an accident had occurred." *Goss v. State*, 582 S.W.2d 782, 785 (Tex.Cr.App.1979). See also, *Brown v. State*, 600 S.W.2d 834 (Tex. Cr.App.1980).

■ The State established by a number of witnesses that the accident occurred sometime between the hours of two and two-thirty in the early morning of September 4, 1980, on the access road adjacent to the eastbound lane of IH 10 near the Sixteenth Street exit in the City of Orange. While appellant did not testify at the trial, Captain Donald Sullivan of the Orange Police Department testified that around eleven-thirty on the morning of September 4, 1980, appellant, accompanied by his attorney, came to Sullivan's office in the Police Station where they talked at some length.

Capt. Sullivan swore that appellant was not under arrest at the time he told Sullivan that he was there to report the auto-pe-destrian accident. According to Sullivan's uncontradicted testimony, appellant then told him that as he "exited onto the access road, and that he saw two people in front of his vehicle . . . standing in the roadway . . . [that] the front of his vehicle was three to four feet from the individuals . . . [that] he knew that he had struck the two people . . . that he stopped . . . [and] [h]e said that he couldn't find the people . . . [and] after he looked for the two people that he hit . . . [h]e drove home."

Capt. Sullivan said that appellant's home was about a mile and a half from the scene of the accident. Other evidence established the fact that appellant did not report the accident to any peace officers before talking with Capt. Sullivan.

We supplement the brief resume of the record to note that two women were killed in the accident and that appellant's vehicle, which was brought to the police station by appellant and his lawyer, had considerable damage to the front thereof, including the headlight cover, the hood, and the windshield.

The admissions of appellant, in the noncustodial situation noted earlier, were admissible upon the trial. *Stone v. State*, 583 S.W.2d 410, 412 (Tex.Cr.App.1979). Such statements supplied the necessary culpable mental state required under *Goss v. State*, supra. Appellant's own words were sufficient to support the conviction and the first ground of error is overruled.

The second ground of error reads: "The trial court erred in admitting the testimony of Capt. Sullivan against the claim of privilege under 6701d, Sec. 47." [2]

■ Appellant's objections to the admission of Capt. Sullivan's testimony were twofold: It was hearsay and it was a "privileged communication under 6701d, Section

---

The punishment assessed in this case was within the range set out in *subsection (b)* of the cited statute.

2. *Sec. 47*: "All accident reports made by persons involved in accidents, by garages, or peace officers shall be without prejudice to the individual so reporting and shall be privileged and for the confidential use of the Department or other State agencies having use for the records for accident prevention purposes, except that the Department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident . . . ."

47." Obviously, the hearsay objection was untenable since the witness was testifying to a statement made by the appellant in the presence of the officer and his own counsel. Admissions of a party are "within the long-recognized exceptions to the hearsay rule." *Daniels v. State*, 600 S.W.2d 813, 815 (Tex.Cr.App.1980).

 Appellant submits the second facet of the duplicitous objection without supporting authority and confines his statement to the specific provisions of *Sec. 47* of the statute. The quoted section is but one part of a comprehensive chapter in the statute relating to "Accidents" contained in Article IV thereof.

The first five sections of this Article IV prescribe the duties of motorists involved in accidents. Immediate reports are required of accidents resulting in injury or death (*Sec. 43*); written reports are required under *Sec. 44*; and, the department is required to supply written accident report forms by the provisions of *Sec. 45.* Coroners' reports are mentioned in *Sec. 46.*

With this statutory preamble, we come to *Sec. 47* relied upon by appellant only to find that *Sec. 48* requires the department to tabulate and analyze *all* accident reports and to publish the statistical information based thereon.

The only decision on the subject disclosed by our research is of doubtful value. *Martin v. Jenkins*, 381 S.W.2d 115, 119 (Tex.Civ.App.—Amarillo 1964), held that reports of accidents in the possession of the Department of Public Safety were confidential and not admissible in evidence.

This holding was rejected by the Supreme Court in an enigmatic opinion which stated that its refusal to grant the application for the writ of error "is not to be taken as approving the construction given by the Court of Civil Appeals to Section 47 of Article 6701d, Vernon's Ann.Tex.Civ.St." 384 S.W.2d 123 (Tex.1964). The Court directed attention to *Brown & Root v. Haddad*, 142 Tex. 624, 180 S.W.2d 339 (1944).

We conclude from our review of the authorities on the subject that the written reports required to be made in compliance with the statute are privileged; but, the admissibility of oral statements of fact concerning accidents is to be determined in accordance with the usual rules governing the admissibility of such statements. Captain Sullivan was a competent witness under *Art. 38.10, V.A.C.C.P.*, and *Stone v. State*, supra.

We do not equate appellant's admission of guilt with the written formal report required under the statute. Appellant's second ground of error is without merit and is overruled. The judgment of the trial court is AFFIRMED.