**Hubert Richard SPRADLING, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 09–82–M–17.

Court of Appeals of Texas, Beaumont.

June 9, 1982.

Louis Dugas, Orange, for appellant.

William C. Wright, County Atty., Orange, for appellee.

OPINION

KEITH, Justice.

Appellant has tendered for filing a complete record of certain proceedings in the district court which we will describe in detail. Our clerk refused to file the transcript and the statement of facts which were tendered and so advised counsel. Counsel has now filed a motion seeking the entry of an order requiring our clerk to file such instruments and docket said proceeding as an appeal for due consideration by the court. We deny the relief sought for the reasons now to be stated.

Appellant was convicted of the offense of failure to stop and render aid and the conviction was affirmed by this court on appeal. *Spradling v. State,* 628 S.W.2d 123 (Tex.App.—Beaumont 1981, Disc. rev. ref'd). As noted in the prior opinion, "two women were killed in the accident" and the earlier case related to Bobby Folks Rash. (628 S.W.2d at 124).

Appellant was also indicted for the death of the other person mentioned—Vickie Rash Norvell—by an indictment returned the same date as the one relating to Bobby Folks Rash. The two cases arising from the indictments were filed in the 260th District

Court of Orange County.[1] No action looking toward the disposition of the second case was had pending the disposition of the appeal in the first case.

This is an attempted appeal from an order which denied appellant's "Plea of Former Conviction" wherein it was alleged under oath that:

"... the offense charged against him in the indictment herein, and for which he is now being prosecuted, are one and the same transaction and offense, and not other or different transactions and offenses."

It was proved upon the hearing on the plea that appellant was one and the same person charged in both indictments and we have a copy of the statement of facts developed on the first trial tendered in support of the plea. There has been no trial on the second indictment nor any final judgment entered therein. Instead, appellant seeks a review, in this court, of the order overruling the plea of former conviction.

*Article 5, Sec. 6, Constitution of Texas*, as amended effective September 1, 1981, provides that this court "shall have appellate jurisdiction ... under such restrictions and regulations as may be prescribed by law." With modifications not material to this discussion, the legislature codified the restrictions and regulations in *Art. 4.03, V.A.C. C.P. (Supp.1982)*. No original jurisdiction in criminal cases has been conferred on the intermediate appellate courts. See *Ex parte Smith*, 624 S.W.2d 671, 673 (Tex.App. —Beaumont 1981, no writ).

■ We find no statutory authority for an appeal from an order overruling a plea of former conviction; consequently, appellant is confronted with the rule enunciated in *Bradley v. Miller*, 458 S.W.2d 673, 674 (Tex.Cr.App.1970), that one seeking to invoke the jurisdiction of a court of limited jurisdiction "must point to some constitutional or statutory provisions conferring such right ...." See also, *Armes v. State*, 573 S.W.2d 7, 9 (Tex.Cr.App.1978).

The Court of Criminal Appeals has long adhered to the rule that it has jurisdiction to review a ruling of the trial court only after a conviction and that it did "not entertain appeals from interlocutory orders." See, e.g., *Ex parte Jones*, 449 S.W.2d 59, 60 (Tex.Cr.App.1970); *Ex parte Conner*, 439 S.W.2d 350 (Tex.Cr.App.1969). But, cf., *Ex parte Trillo*, 540 S.W.2d 728, 732 (Tex.Cr. App.1976), a habeas corpus proceeding challenging incarceration of an alleged probation violator without the 20-day hearing required by *Art. 42.12, Sec. 8(a), V.A.C.C.P.*

Counsel cites *Abney v. United States*, 431 U.S. 651, 662, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651, 662 (1977), in support of his contention that the order has sufficient finality to support an appeal. There, the Supreme Court, construing *28 U.S.C.A. § 1291 (1966)* (that the intermediate courts in the federal system had jurisdiction "of appeals from all final decisions of the district courts."), used this language:

"We therefore hold that pretrial orders rejecting claims of former jeopardy, such as that presently before us, constitute 'final decisions' and thus satisfy the jurisdictional prerequisites of § 1291."

We note, in passing, that the holding was not grounded upon a constitutional provision; rather the question, as posed by the Chief Justice, was "whether a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds is a final decision within the meaning of 28 U.S.C. § 1291, and thus immediately appealable." (431 U.S. at 653–654, 97 S.Ct. at 2037–2038, 52 L.Ed.2d at 655–656).

Appellant cites no decisions from this state supporting the position that this court has jurisdiction to consider the appeal. He does cite *Ex parte Reynolds*, 588 S.W.2d 900 (Tex.Cr.App.1979), and *Ex parte Myers*, 618 S.W.2d 365 (Tex.Cr.App.1981). But both of these cases were post-conviction habeas corpus proceedings maintained under *Art. 11.- 07, V.A.C.C.P.*, which must be made returnable to the Court of Criminal Appeals, *Art. 11.07, § 2(a)*. Neither of these cases serves

---

1. The causes were docketed in said court under numbers 10,492 and 10,495, respectively, the cause now before us being the second, and untried case.

to discharge appellant's burden imposed upon him by *Bradley v. Miller,* supra 458 S.W.2d at 674.

 We have found neither constitutional nor statutory authority which would confer jurisdiction on this court to hear this appeal. We adopt this language from *Basaldua v. State,* 558 S.W.2d 2, 5 (Tex.Cr. App.1977), where the court, quoting from a text, held:

> " 'When a proceeding from which an appeal is attempted comes within none of the statutory or constitutional provisions conferring jurisdiction, the court will not exercise authority.' "

Since we do not have jurisdiction of the attempted appeal, we decline to order our clerk to file and docket the tendered record and refuse to exercise authority or to take jurisdiction of the attempted appeal. In so doing, we express no opinion as to the merits of the plea.[2]

Motion denied.

2. But see, *Ex parte McWilliams,* 632 S.W.2d 574 (Tex.Cr.App.1982), and *Ex parte Rogers,* 632 S.W.2d 748 (Tex.Cr.App.1982).