**Ex parte Charles Ray DREWERY.**

**No. 01–85–0170–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 1, 1986.
Rehearing Denied June 12, 1986.

Terrill L. Flenniken, Houston, for appellant.

John Holmes, Dist. Atty., Don Clemmer, Asst. Dist. Atty., for appellee.

Before SAM BASS, DUGGAN and WARREN, JJ.

## OPINION

WARREN, Justice.

This is an appeal from a denial of pre-trial habeas corpus relief. We withdraw our previous opinion in this case and substitute this one in its place. This revised opinion was required because of an error in the facts stipulated to by the State and appellant's attorney. Upon appellant's request, we abated the appeal to allow the parties to correct the errors in the stipulation of facts. The stipulation has been returned, and this opinion is a result of the revised stipulation.

Appellant, charged with aggravated robbery and aggravated assault, claims that his prior conviction of attempted capital murder placed him in jeopardy on the aggravated assault and aggravated robbery charges and that the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution bars further prosecution. We agree that in this case the aggravated assault and aggravated robbery charges are the same offense as attempted capital murder, and that he cannot be tried and convicted of all three. But we conclude that the attempted capital murder conviction was void when it was entered and that appellant can be retried on the aggravated assault and aggravated robbery charges. We therefore deny the relief appellant requests.

This Court has jurisdiction because appellate review of a pre-trial double jeopardy claim is constitutionally required. *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982); *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex.Crim.App.1982).

In April 1982, appellant was arrested for the attempted murder of Russell Ruth during the course of robbing and assaulting Michael Moore. Two separate indictments were filed against appellant as a result of that arrest. Trial court cause number 354,693 charged appellant with attempted capital murder. It alleged:

> that ... Charles Ray Drewery ... on or about April 27, 1982 ... did ... with the intent to commit capital murder, attempt to cause the death of Russell R. Ruth.... by intentionally shooting at the complainant with a gun, *while in the course of committing and attempting to commit aggravated robbery of Michael Moore.*

Trial court cause number 362,829, charged appellant with aggravated robbery and aggravated assault as follows:

> Charles Ray Drewery.... while in the course of committing theft of property owned by MICHAEL WAYNE MOORE ..., and with intent to obtain and maintain control of the property, [did] intentionally and knowingly threaten and place [MOORE] in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely a firearm.

> \* \* \* \* \* \*

> It is further presented that ... DREWERY.... did then and there unlawfully intentionally and knowingly threaten imminent bodily injury to [MOORE] ... with the use of a deadly weapon, namely, a firearm.

Cause number 362,829 was originally tried in November of 1982. Prior to trial, the State abandoned the aggravated robbery count. The jury convicted appellant of aggravated assault and found two enhancement allegations true. The trial court then assessed punishment at life imprisonment, as required by the law at the

time. Appellant moved for a new trial shortly after the trial.

On December 3, 1982, prior to the decision on appellant's motion for a new trial in cause number 362,829, appellant was convicted in cause number 354,693 on his plea of guilty to attempted capital murder. He was sentenced to five years.

On January 16, 1983, appellant's motion for a new trial in cause number 362,829 was granted, and the aggravated assault conviction was set aside. Several months later, the trial court rescinded the order for a new trial. In October 1984, the Court of Criminal Appeals directed the trial court to reinstate the order for a new trial in cause number 362,829. *Ex parte Drewery*, 677 S.W.2d 533 (Tex.Crim.App.1984). The State now seeks to retry appellant for aggravated robbery and aggravated assault as alleged in cause no. 362,829.

In one ground of error, appellant contends that the court below erred when it refused to bar further prosecution on indictment 362,829. The only evidence presented at the writ hearing was a stipulation by the parties that:

1) the aggravated robbery alleged in the attempted capital murder count is the same aggravated robbery alleged in the aggravated robbery/aggravated assault indictment;

2) the aggravated assault alleged in the aggravated robbery/aggravated assault indictment is based on the same facts and circumstances as the aggravated robbery alleged in that indictment;

3) only one aggravated robbery and/or aggravated assault occurred; and

4) the appellant is the defendant in both of the indictments.

Appellant contends that the reprosecution of cause number 362,829 is barred because 1) the State used the same aggravated robbery as an element of the attempted capital murder indictment upon which he has been convicted, and 2) under these facts, the aggravated assault is a lesser included offense of the aggravated robbery. On the other hand, the State maintains that 1) jeopardy does not bar the conviction for aggravated assault but might bar the conviction for attempted capital murder, and 2) aggravated robbery and aggravated assault are not lesser included offenses of attempted capital murder.

■ The Double Jeopardy Clause affords protection against a second prosecution for the same offense after conviction or acquittal. *Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1984). The question before us is whether, under these facts, the aggravated robbery and assault allegations are "the same offense" as attempted capital murder for jeopardy purposes, and if so, whether appellant can be retried on cause 362,829.

The test for determining whether two or more offenses are the same for purposes of barring successive prosecutions was stated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which in turn relied on *Gavieres v. United States*, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489 (1911). The *Blockburger* test was stated thusly: "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182.

■ The *Blockburger* test is used to determine whether a legislature intended to impose separate sanctions for multiple offenses arising in the course of a single act or transaction. *Brown v. Ohio*, 431 U.S. 161, 166, 97 S.Ct. 2166, 2169, 52 L.Ed.2d 225 (1977); *Iannelli v. United States*, 420 U.S. 770, 785, 95 S.Ct. 1284, 1293, 43 L.Ed.2d 616 (1975). It "... focuses on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial." *Illinois v. Vitale*, 447 U.S. 410, 416, 100 S.Ct. 2260, 2265, 65 L.Ed.2d 228 (1980). If each of the statutes under scrutiny requires proof of an additional fact that the others do not, the offenses are not the

same. *Id.* The review of the statutes must not be made in a vacuum, however. Consideration must also be given to the proof the State would have to present in the particular case under question, rather than to the statutes in general. The following cases illustrate why, in some cases, two statutory offenses, which are not necessarily the same offense under the *Blockburger* test, can be the same offense in other cases because of the restrictions imposed by the facts as set out in the indictment.

In *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228, the United States Supreme Court was required to determine if involuntary manslaughter and failure to reduce speed to avoid an accident were the same offenses under Illinois law. Vitale argued that the State was barred from prosecuting him for involuntary manslaughter because failure to reduce speed to avoid an accident, of which he had previously been convicted, "required no proof beyond that necessary for a conviction of involuntary manslaughter." The State, on the other hand, argued that the manslaughter charge need not and would not necessarily rely on proof of a reckless failure to slow and that manslaughter could be proved without showing a failure to reduce speed.

The Supreme Court noted that involuntary manslaughter *could* be proved "by showing a death caused by his recklessly failing to slow his vehicle to avoid a collision with the victim." 447 U.S. at 418, 100 S.Ct. at 2266. However, "[t]he mere possibility that [Illinois would] seek to rely on all of the ingredients necessarily included in [failure to reduce speed] to establish an element of its manslaughter case would not be sufficient to bar the [manslaughter] prosecution." 447 U.S. at 419, 100 S.Ct. at 2266–67. The court held that the State would be barred from prosecuting the manslaughter charge if the State found it necessary in proving its manslaughter case, to prove a failure to reduce speed. 447 U.S. at 420, 100 S.Ct. at 2267. If proof of failure to reduce speed was necessary, a bar would result because Vitale would already have been convicted and placed in jeopardy for conduct that was a necessary element of the more serious crime for which he was charged. *Id.* As the *Vitale* case shows, then, the proof that the State must present to meet its burden as set out in the indictment can determine whether two offenses are the same offense.

This same reasoning was used in *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). Whalen was convicted in the District of Columbia of rape and felony murder. One of the questions presented to the court was whether Whalen could be given consecutive sentences for the two crimes, which were separate statutory offenses. To reach the answer to this question, the court was required by District of Columbia law to determine if the two crimes were the same offense under the *Blockburger* test. If they were the same offense, he could not be given consecutive sentences.

The District of Columbia contended that the two crimes were not the same offense under *Blockburger* because the statutory definition of felony murder did not always require proof of a rape. Felony murder could be proved by showing that a defendant killed a person in the course of committing rape or robbery or kidnapping, for instance. The Supreme Court returned to the reasoning used in *Vitale* to respond to this argument. If a conviction for killing in the course of a rape could not be had against Whalen without proving all the elements of the rape, the crimes were the same offense, and he could not receive consecutive sentences for the crimes. 445 U.S. at 694, 100 S.Ct. at 1439. It concluded that the felony murder could not be had without proving all the elements of rape and held that Whalen could not receive consecutive sentences. *Id.*

The same decision was reached in *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), which involved a murder committed in the course of a robbery. The defendant could not be tried in separate trials for felony murder and for

robbery because proof of the robbery was required to prove the felony murder charge. 433 U.S. at 683, 97 S.Ct. at 2913. The court reiterated that "... the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one." *Id.* at 682, 97 S.Ct. at 2913.

 The above opinions are ample authority to guide us in our review of appellant's claim that he cannot be tried on the aggravated robbery/aggravated assault indictment because of his conviction for attempted capital murder. We consider first the attempted capital murder cause. Although other crimes were alleged in the indictment, appellant pled guilty to attempted capital murder. As stated before, the aggravating factor used to elevate the offense from attempted murder to attempted capital murder was aggravated robbery. There is no disagreement that the aggravated robbery alleged in each indictment was the same. The State stipulated to this. Clearly appellant could not be held guilty for attempted capital murder of Ruth without relying on the aggravated robbery of Moore. Applying the facts set out in *Vitale, Whalen,* and *Harris,* we must conclude that prosecution for both attempted capital murder and the aggravated robbery of Moore would violate the Double Jeopardy Clause. The same result would ensue with the aggravated assault count, as alleged in indictment no. 362,829, because it is a lesser included offense of aggravated robbery and is the same offense, for jeopardy purposes, as the aggravated robbery count. See *Ex parte Rodriguez,* 600 S.W.2d 835 (Tex.Crim.App.1980); *Ex parte Harris,* 583 S.W.2d 419 (Tex.Crim.App. 1979).

Having concluded that the attempted capital murder is the same offense for jeopardy purposes as the aggravated robbery and aggravated assault, we next consider whether appellant can attack the reprosecution of indictment 362,829 or whether he must attack the judgment in cause number 354,693. The following dates of the various motions and judgments now become extremely important.

November 1982  Convicted of aggravated assault in No. 362,829
November 1982  New trial motion in No. 362,829
December 3, 1982  Convicted of attempted capital murder in No. 354,693
January 16, 1983  New trial granted in No. 362,829

 The above dates show that when appellant was convicted of attempted capital murder, a prior judgment against him for aggravated assault was extant. A new trial in cause no. 362,829 was not granted until *after* the conviction in cause no. 354,693. Therefore, the conviction in cause no. 354,693 violated the double jeopardy clause, because the appellant was tried more than once for the same offense. Therefore that conviction is void. *Ex parte Alexander,* 685 S.W.2d 57, 60 (Tex.Crim.App.1985).

We deny appellant's petition for relief and affirm the trial court's judgment.