Benjamin RIOS, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–85–00536–CR.

Court of Appeals of Texas,
San Antonio.

April 20, 1988.
Rehearing Denied May 17, 1988.

Joe Mike Egan, Jr., Kerrville, for appellant.

E. Bruce Curry, Dist. Atty., Kerrville, for appellee.

## OPINION

CADENA, Chief Justice.

Appellant Benjamin Rios, who is charged with aggravated assault in Cause No. 3,939 in the District Court of Kerr County, Texas, appeals from the denial of his special plea in bar filed pursuant to TEX.CODE CRIM.PROC.ANN. art. 27.05 (Vernon Supp.1988) and from the denial of his application for writ of habeas corpus. His special plea and application for writ of habeas corpus were based on the contention that his prior conviction for driving while intoxicated under TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(f) (Vernon Supp.1988) bars this prosecution for the felony offense of aggravated assault under TEX.PENAL CODE ANN. art. 22.02 (Vernon Supp.1988).

The State contends that this Court is without jurisdiction to consider this appeal because pretrial motions in a criminal case are not appealable. *See Williams v. State,* 464 S.W.2d 842 (Tex.Crim.App.1971).

The State further asserts that we lack jurisdiction to consider the appeal from the trial court's denial of the writ of habeas corpus because the trial court denied the application for writ of habeas corpus rather than granting the application and then denying the relief requested. *Ex parte Noe,* 646 S.W.2d 230, 231 (Tex.Crim.App.1983) (en banc).

The Court of Criminal Appeals recently held that art. 1, § 14 of the Texas Constitution accords a defendant the right to a determination of a double jeopardy claim and an appeal from denial of that claim before being subjected to a second trial. *Ex parte Robinson,* 641 S.W.2d 552 (Tex.Crim.App.1982); *see also Ex parte Rathmell,* 717 S.W.2d 33 (Tex.Crim.App. 1986) (en banc). Prior case law holding that there is no appeal from the denial of an application for writ of habeas corpus or a special plea in bar must give way to appellant's constitutional right to a determination and review of his double jeopardy claim. Appellant's right to bring a claim under the Constitution cannot be denied merely because a state statute does not provide a proper and timely mode for presenting such a claim. *Carter v. State,* 39 Tex.Crim. 345, 48 S.W. 508 (1898), *rev'd on other grounds,* 177 U.S. 442, 20 S.Ct. 687, 44 L.Ed. 839 (1900). "... [T]he enumeration of causes by the Code [of Criminal Procedure] is not exclusive of other fundamental grounds." *Id.*

While the Legislature is empowered to prescribe the limits of the jurisdiction of the Court of Appeals and the Court of Criminal Appeals, its power is limited by art. 1, § 19 of the Texas Constitution which provides that "no citizen of this State shall be deprived of life, liberty, property, privileges, or immunities or in any manner disfranchised except by the due course of the law of the land." Appellant's right to a pretrial determination and appeal of his double jeopardy claim is rendered meaningless if our courts can, by careful use of language, such as "the application for habeas corpus is denied," deprive the defend-

ant of a forum in which his claim can be heard. Where a defendant has been deprived of due process, we are obliged to take action to enforce the provisions of the Constitution and will consider the merits of this appeal.

 We agree that the Double Jeopardy Clause bars the State from prosecuting appellant for an aggravated assault arising from the same incident which was the basis for a previous prosecution for driving while intoxicated and causing serious bodily injury to another while committing that offense.

We are not limited to the rule set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), that no double jeopardy is involved if each statutory offense requires proof of a fact that is not required by the other. *Id.* at 304, 52 S.Ct. at 182. The *Blockburger* analysis is reserved for evaluating the double jeopardy implications of the State's attempt to assess multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *see also, May v. State*, 726 S.W.2d 573 (Tex.Crim. App.1987). The Double Jeopardy Clause bars prosecution for a second offense if proof of such offense will necessarily require proof of all of the elements of the first offense. *Brown, supra.*

In the hearing on appellant's special plea in bar, an assistant district attorney for Kerr County testified that in appellant's DWI trial the State proved that appellant, while intoxicated, had seriously injured Patrick Druebert by driving his motor vehicle across the center stripe of the roadway into the path of an oncoming motor vehicle driven by Patrick Druebert. The indictment charging appellant with aggravated assault recites the same sequence of facts to establish the elements of the offense.

As in *May v. State, supra* at 576, the State will rely, in the second prosecution, on the same act of driving while intoxicated on the same roadway as was proven in appellant's original conviction, so that proof of the State's second criminal allegation against appellant will necessarily require proof of all of the elements of the offense for which he has already been tried.

The trial court's order is reversed and and the cause is remanded to the trial court with instructions to enter a judgment of acquittal in the prosecution of appellant for aggravated assault in cause number 3,939 in the District Court of Kerr County.

BUTTS, Justice, concurring.

I agree that the plea in bar is a valid one. This case is closely analogous to *May v. State*, 726 S.W.2d 573 (Tex.Crim.App.1987), so close in fact that just a few changes need be made in the recitation of facts and names in the instant case for it to coincide exactly with *May*. That this is a case where the plea in bar is a valid one is not really in dispute.

The real question is whether the accused must wait until appeal from the case on the merits, in the event of conviction, to resolve the matter. Because the habeas corpus term "application" and not "relief" is employed throughout the pleadings and in the order of the court, is it required that this Court rule that we lack jurisdiction? In other words, is this a proper statutory appeal as authorized by former TEX.CODE CRIM.PROC.ANN. art. 44.34, now TEX.R. APP.P. 44?

I would rule that a proper appeal has been taken. The record contains a statement of facts reflecting a full hearing on the plea. To require this accused to wait until time for appeal on the merits to resolve the issue is to do a useless and costly thing. Therefore, I concur in the majority disposition of the case.