**Gary Allen KELLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–88–273–CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 10, 1988.

Robert E. Bell, Cole, McManus, Cole, Easley & Bell, Victoria, for appellant.

George J. Filley, Dist. Atty., Victoria, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from an order which denied appellant's/Gary Allen Keller's special plea of double jeopardy. *See* Tex.Code Crim.P.Ann. Art. 27.05. (Vernon Pamp. Supp.1988). This plea, filed before trial, requested the trial court to dismiss the allegations pending against him on the basis that he has formerly been placed in jeopardy for the same offense.

On February 15, 1988, law enforcement officers found in appellant's/Gary Allen Keller's possession a Crown Royal cloth container, enclosing a syringe and two bottle caps. One of these two bottle caps contained a trace of heroin. He was

charged in municipal court with the offense of possession of drug paraphernalia. He plead no contest to this charge and was sentenced. He was then indicted for possession of heroin. The appellant filed a special plea of double jeopardy. This was denied by the trial court.

■ The issue we are confronted with is whether this Court has jurisdiction to entertain an interlocutory appeal from an order denying a special plea of double jeopardy. We hold that we do not.

U.S. Const. amend. V requires us to afford appellant, Gary Allen Keller, appellate review of his pre-trial double jeopardy claim. *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982); *Ex parte Tarver*, 725 S.W.2d 195, 196 (Tex.Crim.App.1986); *Ex parte Rathmell*, 717 S.W.2d 33, 34 (Tex. Crim.App.1986); *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex.Crim.App.1982); *Ex parte Drewery*, 710 S.W.2d 148, 149 (Tex. App.—Houston [1st Dist.] 1986, pet ref'd). However, the Court of Criminal Appeals has long adhered to the rule that it has jurisdiction to review the trial court's ruling only after a conviction and does not entertain appeals stemming from interlocutory orders. *Williams v. State*, 464 S.W. 2d 842, 844 (Tex.Crim.App.1971); *Ex parte Jones*, 449 S.W.2d 59, 60 (Tex.Crim.App. 1970). We believe that this rule also applies to our intermediate appellate court.

In *Spradling v. State*, 634 S.W.2d 89 (Tex.App.—Beaumont 1982, no pet.), the accused was charged in two separate indictments for the deaths of two persons arising out of a single accident. He was convicted on one indictment for the offense of failure to stop and render aid. He then filed a plea of former conviction alleging that "[T]he offense charged against him in the indictment herein, and for which he is now being prosecuted, are one and the same transaction and offense, and not other or different transactions and offenses." The plea was overruled. The Beaumont Court of Appeals stated that it had no jurisdiction of an appeal from an interlocutory order overruling the accused's plea of former conviction. *Spradling*, 634 S.W.2d at 89–91. The *Spradling* decision received

favorable treatment by the Court of Criminal Appeals in *Ex parte Robinson*.

Under Texas law, habeas corpus provides the vehicle for an accused to challenge the denial of his pretrial double jeopardy claim. We are aware of the holding in *Rios v. State*, 751 S.W.2d 892 (Tex.App.—San Antonio 1988, no pet.). In *Rios*, the San Antonio Court of Appeals stated that prior case law holding that there is no appeal from the denial of an application for writ of habeas corpus *or* a special plea in bar must yield to the accused's right to a determination of his pretrial double jeopardy claim. *Rios*, 751 S.W.2d at 893. The *Rios* Court did not explain why an accused should be able to appeal his pretrial double jeopardy claim from the denial of a special plea in bar. This portion of the *Rios* holding contradicts the rule established in *Ex parte Robinson*. For this reason, we decline to follow *Rios*.

■ We clearly have jurisdiction to entertain a pretrial appeal when raised from the denial of an application for writ of habeas corpus based on double jeopardy. *Abney v. United States*, 431 U.S. 651, 662, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977); *Ex parte Robinson*, 641 S.W.2d at 555; *Ex parte Luna*, 733 S.W.2d 957, 958 (Tex.App. —Ft. Worth 1987, no pet.). However, this is not the type of case that is before us.

The appeal is hereby DISMISSED FOR WANT OF JURISDICTION.