**Woodrow BANKS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–87–00204–CR.**

Court of Appeals of Texas, San Antonio.

April 12, 1989.

Paul J. Goeke, San Antonio, for appellant.

Fred G. Rodriguez, James Kopp, Mike Gebhart, Jay Brandon, Daniel Thornberry, Criminal Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and CHAPA, JJ.

OPINION

CADENA, Chief Justice.

Appellant complains of the trial court's rejection of his attempt to invoke the protection of the jeopardy provisions of the United States and Texas Constitutions. He asserted his claim in a special plea of double jeopardy and a pretrial application for a writ of habeas corpus.

A jury was impaneled in a case in which appellant was charged with criminal trespass. During the second day of the trial, after the introduction of testimony had begun and while appellant was perfecting a bill of exceptions outside the presence of the jury, the trial court asked if the State desired a mistrial. After the prosecution declared that it did not desire a mistrial and appellant's counsel resumed perfection of his bill of exceptions, the trial court, *sua sponte*, declared a mistrial. It is undisputed that the mistrial was declared without a request for such action by either the State or appellant and that appellant expressed no assent to such action by the court.

Appellant then sought to prevent a subsequent trial on the same charge. After a hearing during which the evidence and stipulations established the existence of the facts as set forth in the immediately preceding paragraph, the trial court announced in open court that she did not believe jeopardy had attached when she declared a mistrial in the first proceeding and that there would be another trial of appellant on the same charge. The court then announced she was denying the application for writ of habeas corpus.

■ We reject the State's contention that we do not have jurisdiction of this appeal because the trial court merely denied appellant's application for writ of habeas corpus and such an order is not appealable. *See Ex parte Noe,* 646 S.W.2d 230 (Tex.Crim.App.1983) (en banc). The State also urges that the denial of the special plea raising the question of former jeopardy is not appealable at this time because it is only a means for raising the jeopardy issue at trial. *See* TEX.CODE

CRIM.PROC.ANN. art. 27.05 (Vernon Supp.1988) and art. 27.07 (Vernon 1966).

After the hearing, the trial court wrote above her signature, on appellant's special plea of jeopardy, which was attached to the application for habeas corpus, "Motion heard & denied."

The trial judge's pronouncement in open court at the conclusion of the hearing, as noted above, together with the written order signed by her, as also noted above, constitute an order denying the relief sought in appellant's pre-trial habeas corpus claim of double jeopardy. As such, the order is appealable. *See Ex parte Robinson*, 641 S.W.2d 552 (Tex.Crim.App.1982).

Appellant is entitled to an appeal even if we have misinterpreted the trial court's order. He has the right under both the Federal and State Constitutions to a pre-trial determination and appeal of his jeopardy claim. *See United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982); *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); *Ex parte Rathmell*, 717 S.W.2d 33 (Tex.Crim.App.1986) (en banc). We are not inclined to permit this constitutional right to be rendered meaningless through the careful choice of language by a trial court, especially where, as here, the hearing conducted by the trial court was obviously on the merits of appellant's pretrial assertion of his rights under the constitutional provisions against double jeopardy. *See Rios v. State*, 751 S.W.2d 892 (Tex.App.—San Antonio 1988, no pet.).

The appeal is properly before us.

The record conclusively establishes that at the time the trial court declared a mistrial, a jury had been impaneled and the hearing of evidence had begun. Jeopardy had clearly attached, and the trial court's conclusion to the contrary is patently erroneous. *See Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *Schaffer v. State*, 649 S.W.2d 637 (Tex.Crim.App. 1983) (en banc).

The trial court's ruling cannot be upheld on the theory that the declaration of a mistrial and a retrial before a new jury is mandated by some form of manifest necessity. Nothing in the record suggests the existence of such necessity. Nor does the record disclose any explanation for the declaration of the mistrial.

Since the record establishes that jeopardy had attached when the mistrial was declared, the burden is on the State to prove that appellant consented to a mistrial. *Cf. McClendon v. State*, 583 S.W.2d 777 (Tex.Crim.App.1979). The State has not shown that appellant expressly or impliedly consented to the declaration of a mistrial. The record shows that after the declaration of a mistrial appellant's counsel turned toward appellant and made some sign with his hands. The record does not disclose the nature of such gesture. There is nothing to support the State's contention that this undescribed sign in some manner indicated consent to the declaration of mistrial.

The judgment of the trial court is reversed and the prosecution is ordered dismissed.