**Rodolfo APOLINAR, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–89–00630–CR.**

Court of Appeals of Texas, San Antonio.

May 23, 1990.

Loraine Efron Kutler, San Antonio, for appellant.

Fred G. Rodriguez, Patrick Hancock, Michael Raign, Edward Shaughnessy, III, Crim. Dist. Attys., San Antonio, for appellee.

OPINION

CHAPA, Justice.

This is an appeal from the denial of appellant's pretrial plea in bar of prosecution. TEX.CODE CRIM.PROC.ANN. art. 27.05 (Vernon 1974). Appellant claims that being put to a second trial after mistrial was declared during his first trial will violate his right not to be placed in jeopardy twice for the same offense. U.S. CONST., amend. V.

Before we may reach the merits of appellant's claim, we must address two claims of procedural default raised by the State. The State argues this court is without jurisdiction to hear an appeal when there has been no judgment of conviction. Ordinarily this would be correct. In *Ex parte Robinson,* 641 S.W.2d 552 (Tex.Crim. App.1982), however, the Court of Criminal Appeals held that the Fifth Amendment's double jeopardy protection is designed to assure "an individual that, among other

things, he will not be forced, with certain exceptions, to endure the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense." 641 S.W.2d at 554. To force a defendant to endure the second trial before appealing his double jeopardy claim would be to deny him the protection of the double jeopardy clause. *Id.*, quoting *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). Therefore this one claim is appealable pretrial.

■ The State contends, however, that the proper vehicle for such an appeal is an application for writ of habeas corpus, rather than a direct appeal, and that because appellant has not utilized the proper procedure, the appeal must be dismissed. The State relies on *Keller v. State*, 760 S.W.2d 816 (Tex.App.—Corpus Christi 1988, no pet.), in which the Corpus Christi Court of Appeals held that a pretrial double jeopardy claim is reviewable only through an application for writ of habeas corpus, not through direct appeal. The Corpus Christi Court in turn relied on *Spradling v. State*, 634 S.W.2d 89 (Tex.App.—Beaumont 1982, no pet.), which dismissed an attempted pretrial appeal of a denial of a double jeopardy claim, holding the court was without jurisdiction to entertain such a direct appeal. This holding of *Spradling* was cited approvingly in footnoted dictum in *Ex parte Robinson, supra,* at n. 4.

Tracing the *Spradling* holding to its sources, however, we find Court of Criminal Appeals opinions holding there can be *no* appeals from interlocutory orders, either by direct appeal or application for writ of habeas corpus. *Ex parte Jones*, 449 S.W.2d 59, 60 (Tex.Crim.App.1970). In the wake of *Ex parte Robinson, supra,* this is certainly no longer the case. Pre-trial review of a claim of double jeopardy is now required. *Ex parte Drewery*, 710 S.W.2d 148, 149 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). The rationale of *Robinson* applies with equal force regardless of the style of pleading through which the double jeopardy claim is raised. To refuse to address appellant's double jeopardy claim simply because he has arrived at this

court in the wrong appellate vehicle would be to discard a large portion of the protection the double jeopardy clause affords. As this court stated in *Rios v. State*, 751 S.W.2d 892 (Tex.App.—San Antonio 1988, no pet.), "Prior case law holding that there is no appeal from the denial of an application for writ of habeas corpus *or* a special plea in bar must give way to appellant's constitutional right to a determination and review of his double jeopardy claim." 751 S.W.2d at 893 (emphasis added).

If we were to dismiss this appeal for want of jurisdiction, appellant could return to the trial court, file his application for writ of habeas corpus raising the same double jeopardy claim, obtain a hearing on that application identical to the hearing already held on his plea in bar, and return to this court in the proper appellate vehicle. To require these unnecessary steps, when the issue is already before this court and ripe for disposition, would be to require "a useless and costly thing." *Rios, supra,* at 894 (Butts, J., concurring). Instead we will rely on the settled rule that the reviewing court is not bound by the denomination of the pleadings, but will look to the essence of the pleadings and the entire record before the court. *White v. Reiter*, 640 S.W.2d 586, 593 (Tex.Crim.App.1982). Appellant prays that the decision of the trial court denying relief be reversed and the charging instrument dismissed, rather than subject him to double jeopardy through a second trial. If such a claim is reviewable only through application for writ of habeas corpus, we will treat appellant's pleading as such. The pleading before us substantially meets the requirements of a petition for writ of habeas corpus. *See* TEX.CODE CRIM.PROC.ANN. art. 11.14. It states that trial is pending against appellant, which is enough to allege deprivation of liberty such as would entitle him to a writ. *See Pfeffer v. State*, 683 S.W.2d 64, 65–66 (Tex.App.—Amarillo 1984, pet. ref'd). There is a prayer for relief such as would be afforded by the writ of habeas corpus, and the pleading is verified by the defendant's affidavit swearing that the allegations therein are true. Art. 11.14, *supra.* We hold this pleading sufficient for this

court to treat it as an application for writ of habeas corpus. *See* TEX.CODE CRIM. PROC.ANN. art. 11.04 (provisions regarding writ of habeas corpus to be favorably construed in order to protect the rights of the applicant); *Chapman v. Evans,* 744 S.W.2d 133 at n. 1 (Tex.Crim.App.1988) (defendant's pretrial application for writ of habeas corpus treated instead as application for writ of mandamus); *Broggi v. Curry,* 571 S.W.2d 940 (Tex.Crim.App.1978) (again, application for writ of habeas corpus treated as application for writ of mandamus). Clearly, had the trial judge under these identical circumstances granted this identical motion, the State would have been permitted to appeal immediately. *See* TEX.CODE CRIM.PROC.ANN. art. 44.01 (Vernon Supp.1990). Considering that the double-jeopardy constitutional protections were promulgated for the benefit of the accused rather than the State, it seems untenable to hold that since the trial judge denied the motion, unlike the State, the accused does not have the benefit of immediate appellate relief.

The State concludes its brief with a second reason why we should not reach the merits of appellant's appeal. The record before this court does not contain a complete statement of facts from appellant's first trial. Because of this, the State argues, this court is not in a position to review appellant's double jeopardy claim.

Appellant's claim is that the trial court *sua sponte* declared a mistrial while the jury was deliberating during his first trial, and there was no manifest necessity for declaring the mistrial. It is true that to decide this claim we would need to review facts that are not in the record before us, such as the length of trial and the time the jury had been deliberating when the mistrial was declared. If such a review were required we would be forced to overrule appellant's claim due to the lack of record in support of it. *Anderson v. State,* 635 S.W.2d 722, 726 (Tex.Crim.App.1982); *Smithwick v. State,* 732 S.W.2d 768, 770 (Tex. App.—Fort Worth 1987, pet. ref'd). However, as we reach our decision hereafter on the merits of appellant's claim on a different basis, we have sufficient record before

us to address the merits. Our record includes a statement of facts from the first trial beginning when the court received a note from the jury foreman, as well as a record of the hearing later held on appellant's claim that a second trial would subject him to double jeopardy. This will suffice.

 Appellant was tried for driving while intoxicated. After the jury had been deliberating for an unspecified amount of time they sent the court a note saying they could not reach a unanimous decision. The note indicated that four jurors believed appellant guilty and two were voting for acquittal. After this note was received the court conferred with counsel for appellant and for the State. The court indicated he was going to bring the jurors into the courtroom to ask if they could continue to deliberate. Counsel for appellant objected that "they have clearly indicated that they cannot agree on a verdict." Co-counsel objected that giving the jurors any further instructions at all "would be to coerce them, at least have the danger of coercion." The court announced its intention to bring the jurors into the courtroom simply to clarify their position. This drew the following response from appellant's counsel:

MR. STEVENS: Your Honor, if the jury answers the question that they are what they are, would that be the appropriate time to declare the mistrial? That would be our position.

MR. HANCOCK [prosecutor]: I'm sorry, Judge. What was their response?

THE COURT: If they cannot continue than [sic] it would serve no purpose and I am going to grant a mistrial.

The court then had the jurors brought into the courtroom and asked the foreman if it would be helpful for the jury to continue its deliberations. The foreman replied, "Yes. Can we have a ten minute limit on it?" The court instructed the foreman that everyone except the jurors would leave the courtroom while the foreman polled the jurors to decide whether they should continue deliberating. Everyone except the

jurors then left the courtroom. When informed the jury had ended their discussions, the court, attorneys and court personnel returned and the following exchange occurred:

THE COURT: What is your response? The question is: do you believe that you can continue to deliberate?

THE FOREMAN: We have ended. We found an agreement.

THE COURT: I am going to have to declare a mistrial. I think that I have committed error. I am going to declare a mistrial. You're free to leave. You are discharged.

[appellant's counsel]: Thank you, Your Honor.

At a later hearing on appellant's plea in bar of prosecution, the trial judge explained that he had declared the mistrial because he feared he had coerced the jurors into reaching a verdict.

Appellant now argues that the trial court declared a mistrial on its own motion, and that therefore retrial is permitted only if there was manifest necessity for the declaration of the mistrial. There was no such necessity, appellant further contends, because the jury had not deliberated long enough to render it altogether improbable that they could agree on a verdict. *See, e.g., Beeman v. State*, 533 S.W.2d 799 (Tex. Crim.App.1976).

However, the manifest necessity standard does not apply when the defendant himself requests a mistrial, even if that request was occasioned by prosecutorial or judicial error. *Fields v. State*, 627 S.W.2d 714, 720 (Tex.Crim.App.1982). In such a case retrial will be barred only if the defendant was forced to make his mistrial request because of "overreaching" by the judge or prosecutor amounting to bad faith. *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); *Fields, supra*.

It is clear from the record that appellant's counsel consented to the declaration of mistrial. Counsel even thanked the court for declaring the mistrial. Appellant contends that his counsel's consent to the mistrial does not bar appellant's personal claim of double jeopardy when appellant himself neither consented to nor protested the declaration of mistrial. Appellant relies on *Hipple v. State*, 191 S.W. 1150 (Tex.Crim.App.1917) (On Motion for Rehearing). *Hipple*'s holding that the consent to a mistrial by the defendant's counsel is not binding on the defendant himself is questionable in light of later cases. *See, e.g., Rios v. State*, 557 S.W.2d 87, 91 (Tex. Crim.App.1977). What is clear is that *Hipple* does not apply when the defendant's counsel requests a mistrial rather than merely consenting to it. *Rios, supra; Bowles v. State*, 606 S.W.2d 875, 876 (Tex. Crim.App.1980).

In order to apply the proper standard we must first determine whether appellant requested or consented to the mistrial. *Harrison v. State*, 767 S.W.2d 803, 806 (Tex. Crim.App.1989). We find he did.

Consent to the declaration of a mistrial need not be express. It may be implied from the circumstances. *Harrison, supra; Torres v. State*, 614 S.W.2d 436, 441 (Tex. Crim.App.1981). In this case, appellant's position was that a mistrial should be declared after the jury sent out its note, without any further contact between the court and the jury. Appellant stated there was a danger of coercion if the court did further communicate with the jurors. Belatedly, the trial court agreed.

The rationale behind allowing a second trial after the defendant's first trial has ended in mistrial at his own request is that the defendant himself has elected to terminate the first proceeding and begin anew. *Harrison*, 767 S.W.2d at 806. This rule may not be applied simply because the appellant requested a mistrial at some earlier stage of the trial, for a different reason. *Torres*, 614 S.W.2d at 441. In this case, however, appellant elected to terminate his first trial after the jury's note was received, for fear that further communications might coerce the jury into reaching a guilty verdict. Out of that same concern, the court declared a mistrial before receiving the verdict. In these circumstances, we find appellant both requested and consented to the declaration of mistrial. Ap-

pellant does not contend and we do not find that appellant was forced to request the mistrial due to bad faith on the part of the trial court. Therefore retrial is not barred.

The judgment of the trial court denying appellant's plea in bar of prosecution is affirmed.

BUTTS, Justice, dissenting, joined by PEEPLES, Justice.

I respectfully dissent.

This is an attempted appeal from the denial of appellant's pretrial special plea in bar of a second prosecution of the same offense after mistrial was granted during his first trial. Appellant argued to the trial court that to proceed with the second trial would violate his constitutional right not to be twice placed in jeopardy for the same offense. The majority opinion incorrectly concludes we have appellate jurisdiction to entertain an appeal from the special plea.

The jurisdiction of the courts of appeals is not unlimited. In fact the Texas Constitution, art. 5, sec. 6 plainly states:

... Said Courts of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, *under such restrictions and regulations as may be prescribed by law.* Provided, that the decision of said courts shall be conclusive on all questions of fact before them on appeal or error. *Said courts shall have such other jurisdiction, original and appellate, as may be prescribed by law.* (emphasis added)

The legislature has provided two methods whereby a defendant may assert a double jeopardy claim before embarking on a second trial of the same offense or an offense arising from the same criminal episode. Both of these procedures are begun at the trial level. One method is by way of TEX.CODE CRIM.PROC.ANN. art. 27.05 (Vernon 1989):

A defendant's only special plea is that he has already been prosecuted for the same or a different offense arising out of the same criminal episode that was or

should have been consolidated into one trial, and that the former prosecution:

(1) resulted in acquittal;

(2) resulted in conviction;

(3) was improperly terminated; or

(4) was terminated by a final order or judgment for the defendant that has not been reversed, set aside, or vacated and that necessarily required a determination inconsistent with a fact that must be established to secure conviction in the subsequent prosecution.

Article 27.07 provides that all issues of fact presented by a special plea *shall be tried by the trier of facts on a trial on the merits.* TEX.CODE CRIM.PROC.ANN. art. 27.07 (Vernon 1989) (emphasis added). This statute in understandable and unambiguous words specifies how the plea of double jeopardy shall be presented to the trial court and the correct procedure to follow. The issue will be submitted to the jury if raised by the evidence. In some instances the trial court may decide as a matter of law the evidence does not warrant submitting the issue to the jury. *See, e.g., Chvojka v. State,* 582 S.W.2d 828 (Tex. Crim.App.1979). There is no other procedure outlined in the Texas Code of Criminal Procedure or the Texas Rules of Appellate Procedure governing determination of a defendant's special plea of double jeopardy. The appeal from denial of his special plea of double jeopardy must come to this court by the customary appellate route, that is, an appeal from the final judgment of conviction.

The defendant in this case filed a special plea as authorized by article 27.05 of the Code of Criminal Procedure. This court of appeals, which is not a court of unlimited appellate jurisdiction, therefore does not have jurisdiction of this attempted interlocutory appeal of the denial of this defendant's special plea of double jeopardy. We may not create a new appellate procedure not heretofore recognized or authorized by the Texas Constitution or the legislature.

The procedure utilized in this case in the trial court was not the writ of habeas corpus. Denial of habeas corpus relief stem-

ming from a double jeopardy claim is the second method by which such a claim may reach the court of appeals. That unquestionably is the only permissible appellate route at this time for a defendant to follow to assure that the court of appeals does acquire jurisdiction of the interlocutory appeal. The only predicate giving this court appellate jurisdiction of denial of this kind of double jeopardy claim is the written order denying habeas corpus relief and the written notice of appeal from that "appealable order." *See* TEX.R.APP.P. 44. Again, the law is plainly set out in Rule 44, which is entitled **APPEALS IN HABEAS CORPUS AND BAIL; CRIMINAL CASES.** Interlocutory appeal from denial [of relief] pursuant to a pretrial writ of habeas corpus alleging that trial on the merits will subject applicant to double jeopardy is proper. *Ex parte Tarver*, 725 S.W.2d 195 (Tex.Crim.App.1986); *Ex parte Rathmell*, 717 S.W.2d 33 (Tex.Crim.App. 1986); *Ex parte Robinson*, 641 S.W.2d 552 (Tex.Crim.App.1982). However, interlocutory appeal from denial of a pretrial special plea in bar pursuant to article 27.05 is not proper. It is a departure from jurisdictional law that cannot be sustained by proclaiming that the "style of pleading" is wrong in this case and that the court of appeals is not "bound by the denomination of the pleadings." The reason this court cannot obtain jurisdiction of this attempted appeal is that we are bound to follow the law as prescribed, and the law in this area is precise.

Before September 1981 the courts of appeals had no jurisdiction of criminal cases and no jurisdiction of interlocutory appeals based on denial of habeas corpus relief in double jeopardy claims. Now we have been granted that jurisdiction by the legislature, as authorized by the Constitution. However, the courts of appeals cannot bestow upon a special plea of double jeopardy, which also has stringent statutory requirements, the status of a writ of habeas corpus.

To hold the court of appeals has no jurisdiction of the attempted appeal in this case is not to deny altogether the right to appeal the question of double jeopardy in this case. That remedy is still available. This court would simply be applying the correct law, and the defendant would be required to follow the correct procedure. Thus there is no denial of due process to a defendant because the remedy is available to test his double jeopardy claim. A similar argument would fail in post-conviction cases. The courts of appeals have no jurisdiction to hear those habeas corpus collateral attacks even if some are grounded on double jeopardy claims. The defendants in those cases are not deprived of a constitutional right since they always have an available remedy. Only the Court of Criminal Appeals has that jurisdiction. Stated differently, the forum for review of a constitutional claim has not been denied. Nor has it in the present case.

In *Rios v. State*, 751 S.W.2d 892 (Tex. App.—San Antonio 1988, no pet.), this court had before it an appeal from denial of habeas corpus relief, although the "magic word" *relief* was not employed. Instead it was stated to be an appeal from a denial of *application* for habeas corpus, in spite of the obvious fact that a hearing had been conducted and relief denied. We held in that case that use of the improper designation would not foreclose the habeas corpus appeal. We did not hold that it is proper to appeal from denial of the pretrial special plea of double jeopardy.

For these reasons, I respectfully dissent.