**CITY OF SEAGOVILLE, Appellant,**

v.

**Charles David SMITH, Appellee.**

**No. 05–84–01206–CV.**

Court of Appeals of Texas, Dallas.

June 28, 1985.

Ronald L. Clower, Dallas, for appellant.

J. Stanley Knight, Dallas, for appellee.

Before SPARLING, ALLEN and MALONEY, JJ.

ALLEN, Justice.

This appeal involves the jurisdiction of the trial court to modify or dissolve a permanent injunction upon a motion. The suit was originally instituted on July 26, 1983, by Charles David Smith, appellee, asking for an injunction against the City of Seagoville, appellant, to allow placement of a mobile home on his property. On August 25, 1983, a default judgment was granted in favor of Smith which enjoined the City "from interfering with Plaintiff's [Smith's] placement and use of a mobile home on such 8.312 acre tract ... until July 27, 1986." No appeal was taken from the trial court's judgment.

On June 12, 1984, the City filed a "motion to dissolve and/or modify injunction" based on changed circumstances. A copy of the motion was delivered to Smith's attorney of record. On August 16, 1984, the trial court issued an order denying the City's motion for want of jurisdiction. From this order the City appeals.

■ Presented in two points of error, the issue before us is whether the trial court retains jurisdiction to hear a motion to dissolve or modify a permanent injunction after the trial court's plenary power has ceased. We hold that although the judgment of August 25, 1983, granting a permanent injunction was a final appealable order, the trial court retained continuing jurisdiction. The rule is that as long as the order concerns a continuing situation, the trial court retains power to change, alter, or modify the equitable relief it granted in the form of an injunction upon a showing of changed circumstances. *City of Tyler v. St. Louis Southwestern Railway Company of Texas*, 405 S.W.2d 330, 333 (Tex.1966); *Johnson v. Texas Animal Health Commission*, 520 S.W.2d 810, 812 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ); *Fuller v. Walter E. Heller & Company*, 483 S.W.2d 348, 351 (Tex.Civ.

App.—Dallas 1972, no writ); *Carleton v. Dierks*, 203 S.W.2d 552, 557 (Tex.Civ.App.—Austin 1947, writ ref'd n.r.e.).

■ It is a permissible procedure for the party against whom judgment was granted to file a motion to modify or vacate the injunction due to changed circumstances in the same trial court that rendered the judgment. 43A C.J.S. *Injunctions* § 283 (1978). The party filing the motion has the burden of demonstrating that circumstances have changed. This remedy does not apply, however, as a bar to other remedies such as the defense of a contempt proceeding or an independent action in equity.

The trial court's order of August 16, 1984, is hereby vacated and the cause is remanded for further proceedings upon the city's "Motion to Dissolve and/or Modify Injunction."