Israel MORALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–89–01331–CV.

Court of Appeals of Texas,
Dallas.

Dec. 31, 1990.

Kerry P. Fitzgerald, Dallas, for appellant.

Pamela Sullivan Berdanier, Dallas, for appellee.

Before HOWELL, THOMAS and OVARD, JJ.

## OPINION

OVARD, Justice.

In this case, the critical issue is whether a criminal defendant can appeal directly from a jury finding that he is not competent to stand trial and that there is no substantial probability that he will attain competency in the near future. We hold that a judgment of incompetency to stand trial is not a final judgment. Instead, judgments from hearings on competency to stand trial are ancillary to some other proceeding such as a criminal trial or a mental illness hearing. The judgment of competency/incompetency to stand trial is not appealable until a final judgment issues from the main proceeding. In this case, Morales failed to perfect an appeal from the final judgment in the main proceeding. That failure waived the right to appeal from the finding of incompetency to stand trial. We dismiss the appeal.

Israel Morales stood accused by indictment of a 1987 aggravated assault on a peace officer. The trial began on October 25, 1989. Prior to the guilt/innocence phase, the court held a hearing to determine Morales's competence to stand trial. Morales had a previous history of mental illness. Three times previously, while un-

der indictment for the same offense, he had been found incompetent. On July 19, 1988, Morales was committed indefinitely for mental health treatment in Vernon State Hospital. In August 1989, Vernon notified the district court where the indictment was pending that in its opinion Morales had become competent to stand trial.

When Morales returned from Vernon, the district court appointed two psychiatrists to examine him. Both psychiatrists testified that they believed Morales had regained competency. The trial court also admitted into evidence the conclusions of three doctors at Vernon. They also indicated that they believed Morales had become competent. However, the professionals failed to persuade the jurors. The jury found Morales incompetent and further found that there was no substantial probability that Morales would attain competency in the near future. On October 26, 1989, the trial court signed a judgment which incorporated the jury finding and which further ordered that Morales be held for a reasonable time pending another mental illness (commitment) hearing. Morales appeals from the judgment entered in the competency hearing. He raises two points of error: (1) that there was no evidence to support the jury finding of incompetency contained in the October 26, 1989 judgment; and (2) that the jury finding was against the great weight and preponderance of the evidence.

Since Morales filed his appeal, another mental illness hearing occurred on August 2, 1990. Two psychiatrists testified that they believed Morales mentally ill. The August 2, 1990 hearing produced a final judgment, but Morales failed to timely perfect any appeal from that judgment. We believe Morales's failure to perfect his appeal from the judgment of the mental illness hearing deprived us of jurisdiction to review the propriety of the jury's finding of incompetency to stand trial. Morales contends that the October 26, 1989 incompetency finding was a final judgment that disposed of the single issue of his competence or incompetence to stand trial.

Legal Analysis

■■■ Before we can address the merits of Morale's points of error we must determine whether a direct appeal can be taken from a jury finding of incompetency to stand trial. In civil cases, as a general rule, only final judgments are appealable. *Northeast Indep. School District v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). A judgment is final only if it disposes of all parties and all issues so that no further action by the court is necessary to conclude the case. *Clear Lake City Water Auth. v. Winograd*, 678 S.W.2d 740, 742 (Tex.App.—Houston [14th Dist.] 1984, no writ). Interlocutory orders and judgments in ancillary proceedings are appealable only if a statute specifically authorizes an appeal before a final judgment. *Parks v. Huffington*, 616 S.W.2d 641, 644 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). Interlocutory orders and ancillary judgments may be appealed as points of error when the entire suit proceeds to final judgment and is appealed. *Parks*, 616 S.W.2d at 644.

■■■ The Court of Criminal Appeals has held that a hearing on competency to stand trial is not a criminal action because no determination is made of guilt or innocence. When the accused raises the issue of competency, a finding of competency is a necessary prerequisite to a criminal trial. Consequently, a preliminary hearing to determine competency is ancillary to the main criminal proceeding. *Jackson v. State*, 548 S.W.2d 685, 690 (Tex.Crim.App.1977). A judgment resulting from a competency hearing is an ancillary judgment, not a final judgment.

■■■ In addition, Texas law treats competency hearings as civil in nature, even though they necessarily involve individuals charged with criminal offenses. *Parker v. State*, 667 S.W.2d 185, 187 (Tex.App.—Texarkana 1983, writ ref'd); *Ex Parte Watson*, 606 S.W.2d 902, 905 (Tex.Crim.App.1980). Logic dictates that the civil rules should apply. A judgment from a pretrial competency hearing is not reviewable until the matter is raised in an appeal from a full trial on the merits. *Jackson*, 548 S.W.2d at

690. Since the State cannot appeal from an acquittal in a criminal case, "trial on the merits" in this context means either a criminal conviction that follows a pretrial finding of competency to stand trial or an order of commitment for mental health treatment that results from a full trial on that question.

Our analysis of the Texas Code of Criminal Procedure also points us to the conclusion that appeal is not available until after a criminal conviction or a judgment in a mental illness trial. When a trier of fact finds a defendant incompetent to stand trial and also finds that there is no substantial probability that the defendant will become competent in the foreseeable future, and the trial court determines there is evidence that the defendant is mentally ill, and the court does not dismiss the pending charges, the court has two options. He may release the defendant or impanel a jury to determine whether the defendant shall be committed to a mental health facility. TEX.CODE CRIM.PROC.ANN. art. 46.02, section 4(a–d) (Vernon 1979 and Supp. 90). If the court impanels a jury and the jury finds that the defendant is mentally ill and requires mental health services, the trial court may order the defendant committed for a period not to exceed twelve (12) months. TEX.CODE CRIM.PROC.ANN. art. 46.-02, section 6(b)(6) (Vernon Supp.1990).

Appeals from the criminal court proceedings under § 46.02, section 6 go to the court of appeals, as do commitment judgments that result from mental illness trials in civil courts. See TEX.CODE CRIM.PROC. ANN. art. 46.02, section 6(b) (Vernon Supp. 1990); TEX.REV.CIV.STAT.ANN. art. 5547-57(a) (Vernon Supp.1990). The Code of Criminal Procedure contains no special appellate provisions for competency and mental health determinations. It refers to provisions in the Mental Health Code. Under the Mental Health Code, judgments for court ordered mental health services (commitments) from civil and criminal courts are appealable. TEX.REV.CIV.STAT.ANN. art. 5547-57(a) (Vernon Supp.1990). However, the Mental Health Code contains no provision authorizing direct appeals from judgments in hearings on competency to stand trial.

Because the jury found Morales incompetent to stand trial, the State could not proceed with the criminal action. No conviction resulted. The State instead held a mental health commitment hearing. A final judgment resulted from that hearing, but Morales did not perfect an appeal from that judgment. The appeal Morales perfected complains of the findings in the criminal pretrial competency hearing. When the final judgment issued from the mental illness hearing, the judgment from the competency hearing merged into it and became appealable as part of that judgment. Since Morales did not perfect timely his appeal from the commitment hearing, we have nothing to review.

We hold that the competency hearing did not dispose of the mental illness issue. The incompetency judgment was merely ancillary to the judgment in subsequent mental illness trial. We have no appeal from the final judgment. Therefore, the judgment from the competency hearing is not appealable unless a statute specifically authorizes such an appeal. No such statute exists in Texas. We have no jurisdiction over Morales's appeal. Consequently, we dismiss it.

HOWELL, J., dissents with opinion.

HOWELL, Justice, dissenting.

I dissent. Our majority is placing form above substance. A judgment may be final in effect even though, as a technical matter, further litigation in the same case is possible. In order to protect the constitutional right to a speedy trial, we must construe the judgment holding the defendant incompetent to stand trial as being a sufficiently final judgment that it may be tested on appeal.

Our majority rightly concludes that rules of practice relating to civil cases apply here. It errs by purporting to follow *Jackson v. State*, 548 S.W.2d 685 (Tex.Crim. App.1977). *Jackson* affirms that a competency hearing must forerun a criminal trial wherever there is a substantial question whether the defendant is sufficiently com-

petent to stand trial. When, as in *Jackson,* the defendant is found competent, the criminal process goes forward with all due dispatch. In practice, there is no finality in the judgment disposing of the competency issue. The defendant thereafter has an adequate and early remedy in the right to appeal the competency hearing along with the result of the criminal trial. To hold otherwise would burden the appellate courts with needless proceedings and arm those defendants who seek to delay the final outcome of the criminal process with a device to possibly impede trial court proceedings—appeal the judgment declaring the defendant competent to stand trial.

The situation in bar presents an entirely different situation. Presently, the jury has not only found appellant incompetent but it has also found that "there is no substantial probability that [appellant] will attain competency to stand trial within the foreseeable future." The result in the present case is 180 degrees contrary to the result in *Jackson.* Here, the criminal proceeding before the trial court is effectively at an end. Although the indictment remains untried on the docket of the court below, it will so remain throughout appellant's lifetime. The only exception is that human experience says a change of mental condition is always possible. The State may at any time address the court contending that appellant's mental competency has been restored. Another hearing must ensue. At

that hearing, the State cannot challenge the correctness of the judgment now being contested on appeal; such judgment is res judicata in all respects.[1] At subsequent hearings, the State must prove restoration, a change of condition. Unless and until it carries that burden, the presumption of incompetency to stand trial follows defendant throughout his life and the criminal process will never go forward. *Manning v. State,* 730 S.W.2d 744, 748 (Tex.Crim. App.1987) ("We hold, consistent with common law, that if ... [a] prior adjudication for *incompetency* is shown, the State must prove the accused's *competency* to stand trial beyond a reasonable doubt.") Thus, the judgment now before us possesses sufficient finality that it is appealable.

The case of *City of Seagoville v. Smith,* 695 S.W.2d 288, 289 (Tex.App.—Dallas 1985, no writ) (The issuing court may, on motion, review a permanent injunction for change of condition, at any time, apparently without limit.), is instructive.[2] The fact that a judgment bringing all trial court proceedings to a halt (as the judgment now on appeal has done) is subject to the provision that further proceedings may be had if there is a subsequent change of circumstances, does not destroy the finality of the judgment for purposes of appeal.

A similar rule applies to receiverships. A judgment that completely resolves the matters in dispute is final even if it remains

---

1. It is true that it was held in *Miles v. State,* 688 S.W.2d 219, 224 (Tex.App.—El Paso 1985, writ ref'd) that "a verdict of ... incompetency is not res judicata." But, none of the underlying authorities from the Court of Criminal Appeals contains any such point blank statement. Furthermore, *Miles* went on to rule that where a defendant has been held competent to stand trial, the trial court does not commit an abuse of discretion by summarily denying the defendant's request for another hearing unless the defendant makes a showing that he is in possession of significant additional evidence of incompetency (analogizing to a motion for new trial on newly-discovered evidence grounds) or the defendant makes a showing of change in condition. It thus appears that *Miles* itself recognized a substantial res judicata effect in a not-incompetent judgment even as it declined to apply the nomenclature.

Additionally, it is the thesis of this dissent that a judgment of *incompetent*-to-stand trial raises

significantly different considerations from a judgment of *not-incompetent.*

2. This writer was the trial judge in Seagoville. In his judgment, he took the position that any judgment, even though classified by law as final, is subject to attack on bill of review. However, it is established that a bill of review may only be had through a new and independent suit; a mere motion will not suffice. Analogizing from bill of review actions, the trial court ruled that a new and independent suit was necessary to establish that a permanent injunction should be modified on account of change of conditions. A unanimous panel of this Court of Appeals reversed and held to the contrary; all that is necessary is a simple motion. Obviously, the decision of the appellate court prevails; the reasoning of the trial judge is of no consequence.

for the receiver to sell the property, litigate related cases, and take similar actions.

Comparable to our court, the United States Supreme Court only has jurisdiction to review final judgments of lower courts, both state and federal. The Court has long held that the requirement of finality is satisfied by a judgment that is final in effect, even if not final in form. *See* Stern, Gressman and Shapiro, SUPREME COURT PRACTICE, 122–24, 128–33, 136–38 (1986). That precedent, although perhaps not constitutionally binding upon us, should be applied here.

Our majority has pointed to the fact that even though he has been adjudged incompetent to stand trial, appellant may not be confined in a mental institution unless a commitment hearing is held. The majority points out that any such proceeding is expressly appealable and implies that appellant may have adequate relief by demanding a commitment hearing.[3] By necessary implication, *Manning* holds that a commitment hearing must begin where the now completed competency-to-stand-trial hearing left off. Again, the judgment of not-competent-to-stand-trial is res judicata. Any commitment hearing would only be directed to the question whether appellant's now-adjudicated incompetency is such that he should be placed in a mental institution. Neither the fact finder nor the lawgiver at the commitment hearing may question the correctness of the competency judgment from which appellant here seeks relief; it can only decide if appellant should be institutionalized. It is beyond the power of the commitment court to order a speedy trial of the underlying criminal indictment without proof, beyond a reasonable doubt, of restoration. The incompetency judgment now on appeal forecloses that inquiry as a part of the commitment proceedings. The correctness of the judgment now before us can only be tested on appeal.

Our majority finds an implication from the fact that, whereas, an appeal may expressly be had from a commitment judgment, while a comparable provision is lacking with respect to the not-competent-to-stand-trial judgment, the right to appeal the judgment now before us has been statutorily denied. To the contrary, the right of appeal, although it has never been declared to be constitutionally required is universally regarded as an important and precious one. The courts presume that all final judgments are appealable unless otherwise expressly provided. *See Jennings v. Berry*, 153 S.W.2d 725, 726 (Tex.Civ.App. —Texarkana 1941, no writ). There has been no express denial, either by statute or decision, of the right to appeal a judgment such as the one before us, a judgment that the criminal defendant before the bar was not competent to stand trial coupled with a finding that there was no substantial probability that he would attain competency within the foreseeable future. To single out this type of proceedings and effectively deny appellate review while allowing appeal of the criminal process in general raises equal protection implications. *See Rinaldi v. Yeager*, 384 U.S. 305, 310, 86 S.Ct. 1497, 1500, 16 L.Ed.2d 577 (1966); *Griffin v. Illinois*, 351 U.S. 12, 18, 76 S.Ct. 585,

---

**3.** The information recited in the paragraph at the top of page 625 of the majority opinion comes from sources outside the record. We have no statement of facts or transcript of any subsequent hearing relating to appellant's mental condition. It appears that such a hearing did occur, that it was limited to the question of commitment, and that it resulted in a judgment for commitment. The majority states without the benefit of a supporting record that such hearing produced a final judgment. If the majority is implying that a final judgment of commitment ensued, this dissent would not take issue. Instead, the dissent urges that the commitment court could not reach the issue of the correctness of the not-competent judgment. This dissent further urges that the failure to appeal the commitment proceedings does not and should not foreclose the right to appeal the incompetency proceedings; our majority presents neither logic nor authority to support a contrary position. The proceedings were entirely separate and were had at separate times; the issues were not the same. Although the latter proceeding was expressly appealable, there is no support for the proposition that the failure to appeal the latter judgment necessarily forecloses appeal of the former.

It appears that appellant has attempted to supplement this appellate record with the record of the later commitment proceeding. For reasons unknown to this dissent, the panel to which appellant's motion to supplement was referred has refused to allow supplementation.

590, 100 L.Ed. 891 (1956); *Skinner v. Oklahoma*, 316 U.S. 535, 541, 62 S.Ct. 1110, 1113, 86 L.Ed. 1655 (1942). This is particularly true in view of the fact that our majority decision effectively denies appellate recourse in support of the constitutionally protected right to a speedy trial.

Our majority hints that appellant may receive relief from his dilemma through mandamus or perhaps, habeas corpus. However, it is well established that mandamus is an extraordinary legal remedy; it is only granted to relieve from a clear abuse of discretion. It is not a substitute for the right of appeal. *See Pope v. Stephenson*, 787 S.W.2d 953, 954 (Tex.1990) (Failure to pursue mandamus does not prejudice right to an appeal.). The appellate court may deny leave to even file the petition without explication and without hearing, simply on the basis of a subjective determination that the ends of justice would better be served by postponing the determination of the issues being urged. Contrariwise, an appeal is a matter of right. The appellant is entitled to be heard upon all controlling issues; he has the right to a specific determination thereof. *See* Tex.R.App.P. 90(a); *State Bar v. Evans*, 774 S.W.2d 656, 658–59 n. 6 (Tex. 1989) (Rule that Courts of Appeals shall address every issue raised and necessary to final disposition of the appeal is mandatory.).

At least where, as here, habeas corpus relief is sought from trial court rulings in civil proceedings, the writ has also been held not to be the equivalent of an appeal. It only addresses the jurisdiction of the convicting court. Clearly, neither mandamus nor habeas is the equivalent of the right to a plenary appeal. *See Apolinar v. State*, 790 S.W.2d 108, 109 (Tex.App.—San Antonio 1990, pet. granted) (appeal of pretrial ruling entertained although appeal would be proper subject of writ of habeas corpus).

For each reason aforesaid, I dissent. We are required to overrule the contention that this court is without jurisdiction to consider the appeal on account of lack of finality.

We must accept this appeal and determine it on its merits.