Israel MORALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 191–91.

Court of Criminal Appeals of Texas, En Banc.

May 20, 1992.

Kerry P. Fitzgerald, Dallas, for appellant.

John Vance, Dist. Atty., Pamela Sullivan Berdanier and Keith Anderson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

### OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW·

PER CURIAM.

Appellant was indicted on April 23, 1987, for the aggravated assault of a police officer. On May 21, 1987, a jury determined that appellant was not competent to stand trial. See Article 46.02, Section 1, V.A.C.C.P. Appellant was then committed to a state mental hospital pursuant to Article 46.02, Section 6, V.A.C.C.P. In three following competency proceedings, appellant was also determined not to be competent to stand trial. After the fourth determination of incompetency in October of 1989, appellant filed a notice of appeal with the Fifth Court of Appeals in Dallas. Appellant was subsequently committed to a state mental hospital. The indictment is still pending in Dallas County.

On direct appeal, appellant contended that there was no evidence to support the jury finding of incompetency in the October 1989 judgment and that the jury finding was against the great weight and preponderance of the evidence. The Court of Appeals dismissed the appeal holding that an appellate court had no jurisdiction to consider appeals from competency hearings because such are merely ancillary to the criminal proceedings and competency hearings are not final judgments. *Morales v. State*, 801 S.W.2d 624, 626 (Tex.App.—Dallas 1990). The Court of Appeals further noted that appellant could have contested the competency hearing by appealing from his subsequent commitment because the judgment from the competency proceeding had merged with the final judgment issued in the commitment proceeding; but appellant failed to timely perfect an appeal from the commitment proceeding. *Id.* at 626.

We granted appellant's petition for discretionary review to determine whether the Court of Appeals properly dismissed appellant's appeal for want of jurisdiction. After carefully reviewing the record and all pertinent law, we hereby adopt the opinion and judgment of the Dallas Court of Appeals. See *Morales v. State*, supra.

Accordingly, the judgment of the Court of Appeals is affirmed.