**Otis Johnson RAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–93–012–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1995.

---

Anne M. Marshall, Corpus Christi, for appellant.

Carlos Valdez, District Attorney, Jacqueline A. Del Llano–Chapa, Assistant District Attorney, Corpus Christi, for appellee.

Before SEERDEN, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

SEERDEN, Chief Justice.

This appeal involves the procedures followed with respect to appellant's competency to stand trial. Appellant, Otis Johnson Ray, was indicted for aggravated sexual assault of a child. After the incompetency proceedings, which will be discussed later, appellant entered a plea of nolo contendere reserving his right to appeal pretrial rulings. The court then placed appellant on probationary deferred adjudication. We affirm.

After his indictment, appellant, pursuant to article 46.02 of the Texas Code of Criminal Procedure, requested a pretrial hearing on his competency to stand trial. The court appointed a psychiatrist, Joel Kutnick, and a psychologist, Christopher Klaas, to examine appellant and submit reports as to his competency and as to matters pertaining to his mental condition. The examination and reports requested were those specified in the Code of Criminal Procedure. *See* TEX.CODE CRIM.PROC.ANN. art. 46.02, § 3 and 46.03, § 3 (Vernon 1979 & Supp.1995). Both Kutnick and Klaas submitted their reports to the court. Each was of the opinion that appellant was competent to stand trial. However, Kutnick and Klaas agreed that appellant functioned intellectually within the lower borderline range.

Pursuant to article 46.02, the court impaneled a jury to determine appellant's competency to stand trial. *See* TEX.CODE CRIM. PROC.ANN. art. 46.02, § 4. At that hearing, Kutnick and Klaas testified as stated above. Appellant's attorney and a long time acquaintance of appellant's also testified. Willie Tate, whose son "used to run" with appellant, stated that he thought appellant was immature and did not really understand abstract ideas. Anne Marshall, appellant's lawyer, testified that her impression had "been that he understands the basic facts and yet, so far as the rational understanding of what they mean and what kind of consequences flow from that[,] I have not been able to get that across to him." She concluded that "I have not been able consult with him with a reasonable degree of rational understanding." Based on this testimony, the jury returned a verdict finding (1) appellant was incompetent and (2) there was no substantial probability that he would attain competency in the near future.

The trial court initially entered judgment on that verdict. On a subsequent motion by the State, however, the court ruled there was no evidence to support the jury finding that appellant was unlikely to attain competency in the near future, disregarded such finding, and ordered appellant committed to Vernon State Hospital in accordance with the statutory procedure to be followed under section 5, article 46.02, where there is no finding that defendant would not attain competency in the future, instead of the statutory procedure under section 6, which is to be followed when the jury finds no probability to attain competence in the future.

■ By his first point of error, appellant argues that the trial court erred by disregarding the jury's finding on his likelihood of attaining competency. Hearings on incompetency to stand trial are governed by statute. *See* TEX.CODE CRIM.PROC.ANN. art. 46.02; *see also Booker v. State*, 808 S.W.2d 141, 144–45 (Tex.App.—El Paso 1991, no pet.). In proceedings involving incompetency, the rules of civil procedure generally apply. *Morales v. State*, 830 S.W.2d 139, 140 (Tex.Crim.App. 1992) (per curiam) ("we hereby adopt the opinion and judgment" of *Morales v. State*, 801 S.W.2d 624 (Tex.App.—Dallas 1990), holding that civil rules apply to incompetency hearings).

■ If there is no more than a scintilla of evidence to support the jury finding in a civil case, the judge has the authority to disregard the finding and enter the judgment that should be entered; however, if there is more than a scintilla, the judge must enter judgment based on the verdict, even if the judge disagrees with the decision. *Alm v. Aluminum Co. of Am.*, 717 S.W.2d 588, 594 (Tex. 1986) (citing *Gulf, Colorado and Santa Fe Ry. Co. v. Deen*, 312 S.W.2d 933, 937 (Tex.), *cert. denied*, 358 U.S. 874, 79 S.Ct. 111, 3 L.Ed.2d 105 (1958)). However, the judge can grant a new trial, if it is felt appropriate. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986) (per curiam); *Riviea v. Marine Drilling Co.*, 787 S.W.2d 189, 191 (Tex.App.—Corpus Christi 1990, no writ) (discussing trial court's authority to grant a new trial on its own motion under TEX.R.CIV.P. 320).

■ The testimony of Tate and Marshall raise at least a scintilla of evidence as to appellant's incompetency at the time and his ability to attain competency in the future. Whether it is more than a scintilla need not be decided.

Even though article 46.02 of the Code of Criminal Procedure requires a jury determination of competency issues in criminal cases, under the facts of this case, any error in the trial court's substituting his decision for the jury as to future competency was harmless.

After the required stay and treatment in the Vernon State Hospital and pursuant to Code of Criminal Procedure article 46.02, section 5(f)(1), the head of the Vernon State Hospital filed a written report with the court that appellant was competent to stand trial, and appellant was returned to the trial court. After having a writ of habeas corpus and a motion to suppress the report from the Vernon State Hospital as to his present competence denied, appellant entered into a plea agreement with the State and entered his plea of nolo contendere and was put on deferred adjudication for 10 years.

Prior to accepting appellant's plea of nolo contendere, the court specifically inquired as to whether appellant intended to offer any additional evidence other than what had already been heard. Counsel replied they had no other evidence. Had there been evidence that appellant was incompetent at that time, it could have been presented. He was admonished thoroughly as to all rights, including the details of his plea bargain. He indicated that he understood his rights, the nature of the plea bargain and all of the proceedings. His attorney did not contend that he was incompetent at that time, although both appellant and his attorney were careful to preserve their rights to appeal the pretrial rulings made the basis of this appeal.

In fact, in the statement of the defendant (appellant), included in the court's admonishments at the time of trial, he stated:

"I am sane now and I know what I am doing in court today. As far as I know, I was sane and knew what I was doing on the date the offense was committed."

His attorney's certificate states,

"In my opinion, the Defendant was sane at the time of the commission of the offense. He/She understands the nature of the accusation against him/her and of the proceedings herein. We have discussed the facts of the case and the applicable law. His/Her plea of guilty/nolo contendere is free and voluntary and is done with my advice and consent. The Defendant is fully aware of the consequences of his/her plea, knows the range of punishment, and understands the admonishments given to him/her by the Court in writing as above stated...."

It is noted that in Defendant's Statement the phrase "I am mentally competent to enter a plea of guilty in this case" and the phrase in the attorney's certificate "mentally competent today" have been scratched out. The statements about sanity and understanding were not scratched out, and were not contested in the trial court. In fact appellant's sanity is not questioned before this Court. We hold that statements concerning appellant's knowledge and understanding of the proceedings and of his sanity are equivalent to certifying to his competence to stand trial. His point of error only deals with the procedures used in his competency proceedings. For these reasons we hold that any error in the incompetency proceedings were harmless. This is true whether we use the standard set out in Texas Rule of Appellate Procedure 81(b) reversible error in either (1) Civil Cases—which provides that no judgment shall be reversed because of error in the trial court unless the appellate court believes the error amounted to such a denial of rights of appellant as was reasonably calculated to cause and probably did cause the rendition of any improper judgment or prevented appellant from making a proper presentation of his case to the appellate court; or (2) Criminal Cases—where the record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines, which we do, beyond a reasonable doubt that the error made no contribution to the conviction. Accordingly, we overrule appellant's point of error number one.

 Point of error two complains of the trial court considering the Vernon State Hospital's report certifying him competent. Subsection (i), section 5, article 46.02 of the Code of Criminal Procedure provides for the hospital to file a report such as was filed in this case. It further provides that the trial court is authorized to make a determination as to the party's competence based on the report. Either the State or defendant may object to the findings of the report and have a jury determine its accuracy. In this case, when the hospital reported to the Court its opinion that Mr. Ray was now competent to stand trial, the only objections made were to the earlier competency trial and judgment and to the court's consideration of the hospital's letter. After overruling defendant's objections to the prior proceeding the court inquired of appellant and his counsel whether they intended to offer any additional evidence other than what he had already heard. Counsel replied they had no other evidence. Had there been evidence that Mr. Ray was incompetent at that time, it could have been presented.

Appellant did not ask for a jury determination at that time. His point of error number two is overruled.

Point of error three claiming the trial court erred in finding appellant competent to stand trial has been addressed above. The point is overruled.

Point of error four claims the failure of the trial court to grant habeas corpus relief was error. Again, the plea agreement and appellant's trial offered him adequate protection of his rights. The matters have been fully discussed in connection with point one. Point four is overruled.

Judgment of the trial court is affirmed.