

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00032-CR

## EX PARTE TARUN BHARDWAJ

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 16-03580-CRF-272

# OPINION

This is an original habeas corpus proceeding filed in an intermediate appellate court in Texas. The initial question in this proceeding is whether it is properly characterized as a pretrial habeas corpus proceeding from a pending criminal case or whether it is a habeas corpus proceeding challenging a confinement for some reason other than due to a pending criminal proceeding, specifically a civil proceeding.

If this is a pretrial petition for a writ of habeas corpus from detention for a criminal proceeding, we do not have jurisdiction of it. On the other hand, we do have jurisdiction of some original habeas corpus proceedings if, among other criteria, they are properly characterized as civil proceedings.

Bhardwaj's detention clearly started as a criminal proceeding. His competency to

stand trial was raised. It was determined that he was not, at that time, competent to stand trial.

Bhardwaj had been detained for a substantial length of time before he filed a petition for a writ of habeas corpus with this Court. The Court was concerned that a pretrial detention to determine competency had been, or should be, converted to a civil commitment proceeding of some type rather than proceed as a pretrial detention in a criminal proceeding that could not be brought to a conclusion because the defendant was not competent to stand trial and could thus potentially become involuntary restraint without judicial review.

The Court asked the parties to address our concerns. Responding to our expressed concerns as it related to the question of our jurisdiction the State filed a comprehensive brief.[1] The brief documents the extensive factual and procedural history in the trial court and commitment proceedings. The brief then reviews the applicable law and again urged the State's motion to dismiss. The motion to dismiss, as does the brief, argues that because this is a pretrial petition for a writ of habeas corpus in a pending criminal proceeding, this intermediate appellate court has no jurisdiction. The motion thus seeks dismissal for want of jurisdiction. We requested and received a response to the motion

---

[1] We seldom see this issue or even closely related issues. We seldom receive extensive briefing on the narrow issue of our habeas corpus jurisdiction. Because we believe the legal research and analysis on the issue contained in the brief should be available to the judges and lawyers in Texas, we have attached the entire brief, excluding the exhibits attached to the brief, to this opinion as an appendix. We do not incorporate it, but we do make reference to it for a discussion of the factual background and procedural history of this proceeding as well as the applicable law. Because the State's entire brief is attached, no useful purpose would be served for the Court to recite the facts, procedural history, or the relevant legal authorities herein.

to dismiss from Bhardwaj.

After due consideration of the State's brief, the State's motion to dismiss, Bhardwaj's response to the motion to dismiss, the record before us, and conducting our own legal research, we agree with the State that the petition for a writ of habeas corpus, filed while a criminal complaint/indictment is pending against the defendant but after a determination of incompetency to stand trial during the period of time prior to a jury trial on that issue, nevertheless remains a criminal proceeding over which this Court does not have jurisdiction.

Accordingly we grant the State's motion and dismiss this proceeding for want of jurisdiction.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Appeal dismissed
Opinion delivered and filed May 15, 2019
Publish
[OT06]



## APPENDIX

ACCEPTED
10-19-00032-CR
TENTH COURT OF APPEALS
WACO, TEXAS
3/29/2019 2:43 PM
SHARRI ROESSLER
CLERK

FILED IN
10th COURT OF APPEALS
WACO, TEXAS
3/29/2019 2:47:00 PM
SHARRI ROESSLER
Clerk

### CASE NO. 10-19-00032-CR

| | |
|---|---|
| **EX PARTE** | **§ IN THE COURT OF APPEALS** |
| | **§ TENTH JUDICIAL DISTRICT** |
| **TARUN BHARDWAJ** | **§ OF TEXAS** |

### STATE'S RESPONSE TO
### APPLICATION FOR WRIT OF HABEAS CORPUS

NOW COMES THE STATE OF TEXAS by and through her prosecuting attorney and in opposition of the Application for Writ of Habeas Corpus respectfully states the following to the Court based on its information and belief:

### I.

The procedural history of Bhardwaj's case is long and complicated. This is mostly due to (a) the fact that Bhardwaj has frequently changed attorneys throughout the proceedings, (b) Bhardwaj has refused to cooperate with the district court's inquiry into the matter of his competency to stand trial, (c) Bhardwaj has taken the unusual position of opposing any finding that he is incompetent to stand trial in spite of the recommendations and opinions of his lawyers, and (d) Bhardwaj's mental illness causes him to believe that his attorneys are working against him.

The facts most directly responsive to this Court's February 13, 2019 order are as follows:

1. The Brazos County grand jury indicted Bhardwaj on one count of Stalking (Tex. Penal Code § 42.072) on July 21, 2016. Exhibit 1 - Indictment.

2. Prior to his indictment, Bhardwaj already had two separate harassment charges pending.

3. Bhardwaj was arrested on two new misdemeanor charges on December 30, 2016.

4. Currently, Bhardwaj is detained pending trial on the felony stalking charge as well as two misdemeanor charges of harassment, one charge of unlawful restraint, and one charge of resisting arrest.

5. On January 30, 2017, the U.S. Department of Homeland Security placed an immigration detainer on Bhardwaj. Bhardwaj is being held without bond on the immigration detainer. Exhibit 2 - ICE Detainer.

6. Pursuant to Tex. Code Crim. Proc. art. 46B.005, Dr. Mary Conroy evaluated Bhardwaj concerning his competency to stand trial. She concluded that it is "highly unlikely" Bhardwaj is competent to stand trial. Exhibit 3 - Forensic Report of Dr. Conroy.

7. Bhardwaj requested a jury trial so that he might prove he was competent to stand trial and contest Dr. Conroy's opinion that he is mentally incompetent to stand trial. *See* Tex. Code Crim. Proc. arts. 46B.005(c) and 46B.051.

8. After being represented at various stages of his pending criminal charges by attorneys Cam Reynolds, Margaret Meece, Bash Sharma, Kaushik Rambhotla and Lane Thibodeaux, Bhardwaj notified the court of his intention to proceed *pro se*. The court held a *Faretta* hearing and found that (a) a substantial issue exists concerning Bhardwaj's competency under the law; (b) Bhardwaj is unable to voluntarily, knowingly, and intelligently invoke his right to represent himself or waive assistance of counsel; and, (c) Bhardwaj lacks the mental capacity to conduct his trial defense on the issue of competency or on the merits unless represented by counsel. Exhibit 4 – Order Denying

Waiver of Counsel Assistance.

9. A jury trial was set for July 12, 2018, in order to determine whether Bhardwaj is competent to stand trial. However, on the morning of trial, Bhardwaj waived the jury trial and the court determined the issue of Bhardwaj's competency pursuant to Tex. Code Crim. Proc. arts. 46B.005 and 46B.054. The trial court found that Bhardwaj is incompetent to stand trial and ordered he be committed to Austin State Hospital ("ASH") for restoration to competency pursuant to Tex. Code Crim. Proc. art. 46B.073. Exhibit 5 - Order of Incompetency to Stand Trial and Restoration Commitment.

10. After attempting to restore Bhardwaj to competency, ASH reported to the trial court that he remains incompetent to stand trial. *See* Tex. Code Crim. Proc. art. 46B.079. Furthermore, ASH found that Bhardwaj is not likely to be restored to legal competency within the foreseeable future and that Bhardwaj meets the criteria for civil commitment. Exhibit 6 - Austin State Hospital Forensic Report.

11. Upon Bhardwaj's return from ASH neither party objected to the final report of ASH. *See* Tex. Code Crim. Proc. art. 46B.084.

12. On March 25, 2019, the district court entered judgment finding Bhardwaj incompetent to stand trial pursuant to Tex. Code Crim. Proc. art. 46B.084(a-1)(1). Exhibits 8 - Transcript of March 25, 2019 Status Hearing & 9 – Judgment Based on Final Report.

13. The felony stalking indictment pending against Bhardwaj has not been dismissed. *See* Tex. Code Crim. Proc. art. 46B.084(e).

14. Bhardwaj's case is currently set for a jury trial on civil commitment pursuant to Tex. Code Crim. Proc. art. 46B.084(e) and Subchapter E of Chapter 46B. Trial is set to commence on May 20, 2019. Exhibit 7 - Notice of Setting.

## II.

Bhardwaj's detention is criminal. He is currently under indictment for Stalking. *See* Tex. Penal Code § 42.072. He is also charged by information with two counts of harassment, one count of unlawful restraint, and one count of resisting arrest. Further, his detention is pursuant to an immigration detainer placed on him by the United States government.

Tex. Gov't Code Ann. § 22.221 provides courts of appeals with limited writ power. *Ex parte Hawkins*, 885 S.W.2d 586, 587 (Tex. App.—El Paso 1994, no writ). Section 22.221(d) provides:

> Concurrently with the supreme court, the court of appeals of a court of appeals district in which a person is restrained in his liberty, or a justice of the court of appeals, may issue a writ of habeas corpus when it appears that the restraint of liberty Is by virtue of an order, process or commitment issued by a court or judge **because of the violation of an order, judgment or decree previously made, rendered, or entered by the court or judge in a civil case.**

Tex. Gov't Code Ann. § 22.221(d) (emphasis added).

Thus, the original jurisdiction of a court of appeals to issue a writ of habeas corpus is limited to those cases where a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case. The courts of appeals have no original habeas-corpus jurisdiction in criminal matters. Tex. Gov't Code Ann. § 22.221(d). *In re Ayers*, 515 S.W.3d 356 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Original jurisdiction to grant a writ of habeas corpus in a criminal case is vested in the Court of Criminal Appeals, the district courts, the county courts, or a judge in those courts. Tex. Code Crim. Proc. art. 11.05; *Ex parte Hawkins*, 885 S.W.2d at 588.

Bhardwaj's detention is not related to of the "violation of an order, judgment or decree previously made, rendered, or entered by the court or judge in a civil case." Tex. Gov't Code Ann. § 22.221(d). Instead, his detention is due to both a federal immigration detainer and his pending

criminal charges.

**III.**

This Court further ordered the State to address "whether, and at what point, [Bhardwaj's] confinement converts from criminal to civil confinement, if at all." Initially, it is important to note that Bhardwaj's confinement is criminal in nature since he is currently charged with one felony and four misdemeanors. Incompetency proceedings under Code of Criminal Procedure Chapter 46B are ancillary to the criminal case. *Jackson v. State,* 548 S.W.2d 685, 690 (Tex. Crim. App. 1977). However, Bhardwaj is not in jail because of the incompetency proceedings. He is in jail because of his pending criminal charges as well as his immigration detainer. If Bhardwaj's confinement converts to civil confinement at all, it would only be after the criminal charges against him are dismissed and the trial court determines that there is evidence of mental illness or retardation. Tex. Code Crim. Proc. arts. 46B.084(f), 46B.151. In such cases where the criminal charges are dismissed – which in not the case with Bhardwaj – the criminal court transfers the case to the appropriate civil court for civil commitment proceedings. *See* Tex. Code Crim. Proc. Subchapter F.

In order to ensure a criminal defendant receives a fair trial, due process requires that a defendant who is incompetent may not be put to trial. *E.g., Cooper v. Oklahoma,* 517 U.S. 348, 354, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996). When the issue of the competency of a criminal defendant to stand trial is raised in the trial court, a finding of competency is a necessary prerequisite of a criminal trial. *Morales v. State*, 830 S.W.2d 139, 140 (Tex. Crim. App. 1992) adopting the opinion of the appellate court in *Morales v. State*, 801 S.W.2d 624, 625 (Tex. App.— Dallas 1990). Consequently, a preliminary hearing to determine competency is ancillary to the main criminal proceeding. *Jackson,* 548 S.W.2d at 690.

So long as the indictment is not dismissed, it is the criminal court that retains jurisdiction over the inquiry into the defendant's competency. *See* Tex. Code Crim. Proc. arts. 46B.001, *et seq*. Incompetency may be raised by either party, or the trial court may raise the issue of incompetency *sua sponte*. Tex. Code Crim. Proc. art. 46B.004. It is the trial court that conducts the informal inquiry and appoints experts to evaluate the mental competency of a defendant when evidence exists to support a finding of incompetency. Tex. Code Crim. Proc. arts. 46B.004-.005. Once a criminal defendant has been evaluated by an expert (*see* Tex. Code Crim. Proc. arts. 46B.021-.0026), the trial court is designated by statute as the court with jurisdiction over a hearing to determine incompetency. Tex. Code Crim. Proc. arts. 46B.005(c), 46B.051-.055.

Where the trial court initially determines, following a jury trial or a bench trial, that the defendant is incompetent to stand trial, the trial court has the authority to commit the defendant to an appropriate facility for inpatient or outpatient restoration of competency. Tex. Code Crim. Proc. arts. 46B.071-.073. The responsibilities of the treatment facility are fully outlined in Chapter 46B, Subchapter D. Once the treatment facility has fulfilled its responsibilities, the defendant returns to the trial court and the court is required to make a determination of the defendant's competency to stand trial based on the final report from the treatment facility. Tex. Code Crim. Proc. art. 46B.084(a). If the defendant is found by the court to be competent, the criminal proceedings resume. Tex. Code Crim. Proc. art. 46B.084(d)(1). If the defendant is determined to be incompetent to stand trial, then the criminal court proceeds either under Subchapter E or F, depending on whether the criminal charges have been dismissed. Tex. Code Crim. Proc. art. 46B.084(e), (f).

If the charges are not dismissed, as is the case with Bhardwaj, then the trial court determines if there is evidence of mental illness. Tex. Code Crim. Proc. art. 46B.102. In such cases, the

criminal court conducts the commitment hearing for the defendant pursuant to Subtitle C, Title 7, Health and Safety Code. Id. Bhardwaj is set for a commitment hearing on May 20, 2019, pursuant to Subchapter E. *See* Exhibit 7 & 8.

Only when charges are dismissed does the criminal court transfer its jurisdiction over the case to a civil court for civil commitment proceedings. Tex. Code Crim. Proc. art. 46B.151. At this point, if Bhardwaj were still incarcerated, then his detention might possibly be characterized as a civil detention. *See* Tex. Code Crim. Proc. arts. 46B.151(c).

**IV.**

Finally, this Court has ordered the State to "address the procedure this Court should use to address the application or this situation as presented."

As the Court can glean from Bhardwaj's writ, he insists he is competent to stand trial. Cases where a criminal defendant opposes a trial court's finding of incompetence are rare, but they do exist. *See, e.g., United States v. Boigegrain*, 155 F.3d 1181, 1187 (10th Cir. 1998). Bhardwaj's[1] insistence upon his competence is contrary to the evidence and the trial court's rulings. Bhardwaj has been found incompetent by Dr. Conroy as well as his treatment team at Austin State Hospital. *See* Exhibits 3 & 6. The trial court has also ruled that he is not competent to represent himself or conduct his own defense on the issue of competency or on the merits of his criminal charges. *See* Exhibit 4. Furthermore, Bhardwaj is represented in these matters (the issues of his competency and the merits of his criminal charges) by attorney Lane Thibodeaux, who has been appointed by the trial court. *See* Exhibit 8.

---

[1] Here, the State notes that Bhardwaj has filed this handwritten writ application *pro se*. The State does not presume to speak for Bhardwaj's attorney on this matter whatsoever.

In response to the Court's instruction to "address the procedure this Court should use to address the application or this situation as presented," the State would respectfully reurge its motion to dismiss. Bhardwaj's pretrial writ of habeas corpus seeks relief in a criminal case. Under Tex. Gov't Code § 22.221, courts of appeals do not have original jurisdiction in criminal cases. *Ex parte Hearon*, 3 S.W.3d 650 (Tex. App.—Waco 1999, no pet.); *Ex Parte Dennis*, 10-17-00195-CR, 2017 WL 3427560, at *1 (Tex. App.—Waco Aug. 9, 2017, no pet.); *In re Letizia*, No. 01-18-01052-CR, 2019 WL 610772, at *1 (Tex. App.—Houston [1st Dist.] Feb. 14, 2019, no pet. h.).

## PRAYER

Wherefore, premises considered, the State prays that this Court GRANT the State's Motion to Dismiss filed in this matter on February 6, 2019.

Respectfully Submitted,

/s/

Nathaniel T. Wood
Tx Bar 24062328
Assistant District Attorney
Brazos County District Attorney's Office
300 #. 26th St., Suite 310
Bryan, Texas 77803
979-361-4320
nwood@brazoscountytx.gov

## Certificate of Service

I certify that I have delivered a true and correct copy of this filing to the following on March 29, 2018:

Lane Thibodeaux via email:                    lanet1@msn.com

/s/
Nathaniel T. Wood