

**IN THE
TENTH COURT OF APPEALS**

_____

**No. 10-19-00268-CR
No. 10-19-00269-CR
No. 10-19-00270-CR
No. 10-19-00271-CR
No. 10-19-00272-CR**

**EX PARTE CARL FORD**

_____

**Original Proceeding**

_____

## MEMORANDUM OPINION

Carl Ford has sent a series of documents to this Court. From the documents, we have gleaned that he has five proceedings pending against him, trial court cause numbers 24825, 24826, 24827, 24828, and 24829. His bail was set on all charges at $110,000. Ford has not provided a record for this proceeding or caused one to be filed such that we can determine what the charges are that are pending against him or the amount of bail set on each charge.

At some point, Ford was out on bail. One of his conditions of release was that he

submit to urinalysis testing. Ford alleges that as a result of one of the tests, which showed

Ford presumptively tested positive, the trial court revoked and increased the amount of

Ford's bail. Ford also alleges that the trial court denied a personal bond, for which Ford

qualified.

Ford asserts in the documents sent to the Court that the urinalysis was never sent

to a laboratory. He also asserts that the test results were falsified. In these documents,

he makes several complaints and asks for various forms of relief, such as:

> I'm asking the court to [overturn] the [decision] of the 52nd district court
> for revoking my bond.

> The 52nd district judge sent the [pre-trial] service to see if I qualify for a
> personal bond. I qualify and [pre-trial] service [was going to give] me a
> personal bond [;] then the judge came back and denied it. I would also like
> that [decision] [overturned] because the bond is unreasonably high
> considering the offense with which the accused is charged.

> I'm only asking the appeal court to [overturn] the [decision] of revoking my
> bond and [denying] me a personal bond.

From the documents filed by Ford, it appears that he has not yet been convicted of

any of the five charges. If what Ford has submitted to this Court is a pretrial petition for

writ of habeas corpus to consider whether the amount of bail set for each of the cases is

unreasonably high, he has filed it in the wrong court. This Court does not have

jurisdiction to consider a pretrial writ of habeas corpus. *See Ex parte Bhardwaj*, 575 S.W.3d

915 (Tex. App.—Waco 2019, orig. proceeding); *Ex parte Price*, 228 S.W.3d 885, 886 (Tex.

App.—Waco 2007, orig. proceeding). Moreover, we have no jurisdiction over the

question of whether his earlier bail in the amount of $110,000 was improperly revoked on a test that was invalid because it was not sent to a laboratory.  *See Wright v. State*, 969 S.W.2d 588 (Tex. App.—Dallas 1998, no pet.).[1]

Accordingly, because we have no jurisdiction to grant any of the relief requested nor do we have jurisdiction to decide any of his complaints, these proceedings must be dismissed.

Notwithstanding that these proceedings must be dismissed; Ford may file a motion for rehearing with this Court within 15 days after these opinions and judgments are rendered if Ford believes these opinions and judgments are erroneously based on inaccurate information or documents.  *See* TEX. R. APP. P. 49.1.  Moreover, if Ford desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed with the Court of Criminal Appeals within 30 days after either the day this Court's judgments were rendered or the day the last timely motion for rehearing was overruled by this Court.  *See* TEX. R. APP. P. 68.2(a).

TOM GRAY
Chief Justice

---

[1] While we may have jurisdiction of an appeal of the denial of a pretrial writ of habeas corpus, it does not appear, from the documents Ford has submitted, that a petition for writ of habeas corpus was filed in, or ruled on by, the trial court.  Moreover, it does not appear that Ford is requesting a mandamus to compel a ruling on a petition for writ of habeas corpus that has been filed but not ruled upon in the trial court proceedings.

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Proceedings dismissed
Opinion delivered and filed August 21, 2019
Do not publish
[CR25]

