# NO. 12-21-00124-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BILLY RAY PEGUES,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *PER CURIAM ORDER*

Appellant, Billy Ray Pegues, appealed his conviction for aggravated robbery. In his first of seven issues, he argued that the trial court abused its discretion by failing to hold a jury trial on the issue of competency. We sustained his first issue, abated this appeal, and remanded the case to the trial court on September 7, 2022, and ordered that (1) on or before September 28, the trial court shall determine whether a retrospective competency trial is feasible, and if it is, conduct such trial; and (2) prepare written findings on or before October 7 as to whether a retrospective competency trial is feasible and the results of any such trial. We ordered a supplemental clerk's record, including the trial court's written findings, along with any supporting documentation and orders, be certified to this Court on or before October 17. We further ordered the court reporter to file a supplemental reporter's record of any proceedings associated with a retrospective competency trial on or before October 17.

On September 26, the trial court held a hearing to determine whether a retrospective competency trial is feasible in this case. Both the State and Appellant's counsel agreed that such a trial is feasible. However, the trial court questioned the feasibility of completing said trial before October 7. The only specific reason offered by the trial court for not complying with the October 7 deadline is that Appellant's former trial counsel is experiencing health issues and will

not be available to testify for at least four weeks.[1]  The trial court entered its written findings and requested an extension for the competency jury trial "to be completed by January 23, 2023."

At the hearing to determine whether a retrospective competency trial is feasible, counsel for the State and counsel for Appellant discussed needing testimony from two witnesses, Dr. Joseph Kartye, the doctor who opined that Appellant was incompetent to stand trial, and Appellant's trial counsel.  In its findings, the trial court indicated that Appellant's trial counsel would not be available to testify for four to six weeks.[2]  It is unclear to this Court why the trial court requested an extension until January 23, 2023, which is approximately seventeen weeks from the date of the request.

We will grant the trial court's request for an extension due to Appellant's trial counsel's health issues.  However, without more information, we do not conclude a seventeen-week extension is reasonable.  We will grant the parties and the trial court a seven-week extension to hold a retrospective jury trial on the issue of Appellant's competence to stand trial at the time he was tried and convicted for the aggravated robbery charge for which he has appealed.

It is **ORDERED** that the Honorable Robert Inselmann, Jr. shall, in accordance with this Court's opinion, conduct a retrospective competency trial, **on or before November 18, 2022**.

It is **FURTHER ORDERED** that a supplemental clerk's record including any relevant documentation and orders be certified to this court **on or before November 28, 2022.**

It is **FURTHER ORDERED** that the court reporter file a supplemental reporter's record of any proceedings associated with a retrospective competency trial on or before **November 28, 2022.**

**WITNESS** the Honorable James T. Worthen, Chief Justice of the Court of Appeals, 12th Court of Appeals District of Texas, at Tyler.

---

[1] The trial judge commented at the hearing that completing a competency jury trial on or before the October 7 deadline was not "realistic."  However, the only specific impediments to accomplishing said trial that the trial court identified were Appellant's trial counsel's health issues.

[2] It is unclear whether trial counsel's deposition could be taken or whether counsel could appear and testify via Zoom.  Texas law treats competency hearings as civil in nature, even though they necessarily involve individuals charged with criminal offenses. ***Parker v. State***, 667 S.W.2d 185, 187 (Tex. App.—Texarkana 1983, writ ref'd); ***Ex Parte Watson***, 606 S.W.2d 902, 905 (Tex. Crim. App. 1980).  Logic dictates that the civil rules should apply. ***Morales v. State***, 801 S.W.2d 624, 625 (Tex. App.—Dallas 1990), *aff'd*, 830 S.W.2d 139 (Tex. Crim. App. 1992).

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at my office this 4th day of October 2022, A.D.



By:_____
KATRINAMCCLENNY, CLERK
12th Court of Appeals